CHARLES EDWARD MEADOWS

*v.*

THE HON. JAMES O. HOLLIDAY, *Judge, etc., et al.*

(No. 14675)

Decided April 1, 1980.

*Richardson and Richardson, W.B. Richardson, Sr., and W. B. Richardson, Jr.,* for petitioner.

*Chauncey H. Browning,* Attorney General, *Lawrence R. Frail,* Assistant Attorney General, for respondent.

HARSHBARGER, JUSTICE:

Charles Edward Meadows seeks to prohibit the Circuit Court of Mason County from trying him on an indictment for receiving stolen property. He was charged by warrant in magistrate court on November 27, 1978, with receiving and transferring stolen property and was released on a $500 cash bond.[1] He requested a jury trial which was set for February 16, 1979.

On January 22, 1979, the prosecuting attorney, without notice to Meadows or his attorney, dismissed the charge without prejudice, in order to initiate grand jury proceedings in the circuit court. The prosecutor indicat-

---

[1] The record indicates that this bond was subsequently attached by the prosecuting attorney's law firm for an outstanding debt owed by defendant to said firm for prior litigation.

Property *in custodia legis,* in the custody of the law, is not subject to attachment, as a general rule. Property taken from a defendant and retained by an arresting officer has been held nonattachable by this Court in *State v. George,* 116 W.Va. 465, 181 S.E. 713 (1935). No West Virginia case has dealt specifically with the attachability of bail bond, but courts in other jurisdictions have held that bail or bond in a criminal case is not subject to attachment. 1 A.L.R.3d 946, §6[b] (1965 and Supp. 1979); 6 Am.Jur.2d *Attachment and Garnishment* §202 (1963 and Supp. 1979). *But see,* 1 A.L.R.3d 945, §6[a] (1965). We believe that bond deposited with the court by a criminal defendant is property *in custodia legis* and not subject to attachment. *See,* 2A Michie's Jurisprudence *Attachment and Garnishment* §18.

We regard the prosecuting attorney's behavior as inappropriate for an officer of the court, and suggest that he be disqualified from conducting any further proceedings against this defendant.

ed that it was his policy to dismiss without prejudice any case in magistrate's court in which a jury trial had been requested.

This case is controlled by W.Va. Code, 50-5-7 (1976)[2] and *State ex rel. Burdette v. Scott,* ___ W.Va. ___, 259 S.E.2d 626 (1979), wherein we held that a defendant who is charged in magistrate's court with an offense within that court's jurisdiction, is entitled to a trial on the merits in that court, unless that right is expressly waived by him. Rather than waive his right, Meadows specifically requested a jury trial. *Burdette* is the law of this State and must be followed in all counties. The policy of the prosecuting attorney in Mason County violates the rights of Meadows and other persons subjected to it.

The State argues that the offenses charged in the warrant and indictment were not identical. This contention is meritless, because they arose from the same transaction, identify the same item of stolen property, and are charged in almost identical terms.[3] *State ex rel.*

[2] Code, 50-5-7. Right to trial in criminal cases.

"Every defendant charged in a magistrate court in a criminal proceeding which is within the jurisdiction of the court shall have the right to a trial on the merits in the magistrate court."

*See* 79 W.Va. L. Rev. 304 (1977). Our survey of state codes revealed that Colorado is the only state with a similar provision. Colo. Rev. Stat. §16-5-101(3). There have been no Colorado cases on this point. *Contra,* N.Y. Crim. Proc. Law §170.20(1) (McKinney).

[3] The warrant stated Meadows "did unlawfully receive from another person, aid in concealing and transferring to a person other than the owner thereof, stolen goods or other things of value, to-wit: One miners light, (inprinted [sic] on light was "10-77, #394), color: yellow & Balck [sic] Name: Miner's Spot miner light, said goods having been previously stolen by some other person and having a value of $60.00, which goods he knew or had reason to believe was [sic] stolen, this act having been performed with a dishonest purpose . . . ."

The indictment stated Meadows "did unlawfully sell one miner's light, No. 394, the goods, effects and property of American Electric Power Company, a New York Corporation, of the value of less than $200.00, the same having been stolen in the State of Ohio by a person or persons to the Grand Jurors, unknown, while knowingly

*Dowdy v. Robinson,* ____ W.Va. ____, 257 S.E.2d 167 (1979).

The writ of prohibition will issue.

*Writ granted.*

and having reason to believe the same to have been stolen in the State of Ohio and brought into the State of West Virginia, by a person or persons to the Grand Jurors unknown ....