531 S.E.2d 332

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Kenneth A. BRUFFEY, Defendant Below, Appellant.**

No. 26573.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 25, 2000.

Decided May 5, 2000.

Ira M. Haught, Esq., Harrisville, West Virginia, Attorney for Appellant.

Darrell V. McGraw, Jr., Attorney General, Denise L. Avampato, Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellee.

SCOTT, Justice:

The Appellant, Kenneth A. Bruffey, appeals from an order of the Circuit Court of Doddridge County, entered on January 25, 1999, sentencing him for the crimes of third offense driving under the influence of alcohol (hereinafter "DUI"), a felony, and driving on revoked license for DUI and no proof of insurance, both misdemeanors. The assignments of error are: (1) the circuit court erred by refusing to order a presentence investigation and report prior to sentencing; (2) the circuit court erred by denying the Appellant his right of allocution prior to sentencing; (3) the circuit court erred by denying the Appellant's pretrial motion to dismiss the misdemeanor counts, which had been previously cited in magistrate court. After careful review of the entire record, the parties' briefs, and the relevant law, we conclude that the first and second assignments of error merit reversal, while the third does not. Accordingly, we reverse and remand the matter to the circuit court with directions to resentence the Appellant after first procuring a presentence report, if needed as a sentencing aid, and affording the Appellant his right of allocution.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the afternoon on May 30, 1998, Mr. Bruffey was involved in a single-car accident on County Route 25 in Doddridge County, West Virginia. He was the driver of the vehicle and had one passenger. Twenty to twenty-five minutes after the accident, the county sheriff arrived at the scene and found Mr. Bruffey sitting on the ground next to the wrecked vehicle. The sheriff asked Mr. Bruffey for his driver's license, registration, and insurance, but he did not produce any of those items. Noticing that Mr. Bruffey's eyes were bloodshot and that his breath smelled of alcohol, the sheriff asked him whether he had been drinking. Mr. Bruffey admitted that he had. After further investigating the accident, the sheriff asked Mr. Bruffey to participate in a field sobriety test. He refused, and the sheriff arrested him for DUI. At that time, the sheriff also served Mr. Bruffey with a citation charging the misdemeanor offenses of no proof of insurance and driving on a suspended license. Thereafter, Mr. Bruffey was transported to the state police barracks in Avendale, West Virginia, where he underwent an Intoxilyzer test which revealed a blood alcohol concentration of .185 percent.[1] The validity and timeliness of this test are not in question. No further proceedings occurred before the magistrate.

In an indictment filed on October 26, 1998, in the Circuit Court of Doddridge County, Mr. Bruffey was charged with one count of third offense DUI, a felony, in violation of West Virginia Code § 17C–5–2(k) (1996); one count of driving on revoked license for DUI, a misdemeanor, in violation of West

---

**1.** The legal blood alcohol limit is .10 percent.

Virginia Code § 17B–4–3 (1996); and no proof of insurance, a misdemeanor, in violation of West Virginia Code § 17D–2A–3 (1996). On October 27, 1998, the State filed a motion in magistrate court to dismiss the misdemeanor charges contained in the citation served by the sheriff, and on October 28, 1998, the charges were dismissed. In circuit court, the Appellant pled not guilty to the charges in the indictment, and the matter was set for trial. On November 2, 1998, the circuit court entered an order designating December 30, 1998, as "the last day to hear pre-trial motions."

On January 4, 1999, the first day of trial, defense counsel moved to dismiss the misdemeanor counts. Defense counsel argued that under West Virginia Code § 50–5–7 (1994), Mr. Bruffey was entitled to a trial on the misdemeanor charges in magistrate court because those offenses were initially charged there, and he had never waived his right to a magistrate court trial. Denying the motion to dismiss as untimely made, the circuit court reasoned:

> [W]hile Chapter 50 Article 5 Section 7 gives the right of the criminal defendant to be tried on a misdemeanor offense over which the magistrate court and circuit court have concurrent jurisdiction ... [,] there is also a procedural requirement under Rule 8 Subsection 2 of the West Virginia Rules of Criminal Procedure that puts an affirmative duty upon the state to join all charges both misdemeanor and felony into trial of the one action.

Defense counsel then moved for a continuance to allow Mr. Bruffey to file a petition for a writ of prohibition to prevent the circuit court from exercising jurisdiction. The circuit court denied the continuance.

On January 4 and 5, 1999, Mr. Bruffey was tried by a jury in the circuit court. The jury found him guilty of all three counts in the indictment.[2]

On January 5, 1999, after the jury was excused, defense counsel moved for a presentence investigation and report, pursuant to Rule 32(b) of the West Virginia Rules of Criminal Procedure. The circuit court refused to require a presentence investigation and report and proceeded immediately to sentence Mr. Bruffey, without advising him of his right of allocution. The sentences imposed were one to three years in the state penitentiary for the conviction of third offense DUI, six months in the Doddridge County Jail for the conviction of driving on revoked license for DUI, and fifteen days in the Doddridge County Jail for the conviction of no proof of insurance. The latter two sentences were to run concurrently to each other and to the prison term.

## II. STANDARD OF REVIEW

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Moreover, "[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997). Since the assignments of error herein raise purely legal issues, our review is *de novo*.

## III. DISCUSSION

### A. Presentence Investigation and Report

The Appellant's motion for a presentence investigation and report was based upon

---

2. The circuit court, on its own election, bifurcated the issue of Mr. Bruffey's prior DUI convictions. In the first phase of the trial, the jury found Mr. Bruffey guilty of both misdemeanors and of DUI on the date specified in the indictment. In the second phase, the jury found that Mr. Bruffey had been convicted of DUI on two prior occasions. *See State v. Nichols*, —— W.Va. ——, 541 S.E.2d 310 (1999) (outlining bifurcation procedure to be utilized when defendant has been charged with offense which requires proof of prior conviction to establish status element of offense charged and defendant seeks to contest existence of alleged prior conviction).

Rule 32(b) of the West Virginia Rules of Criminal Procedure, which provides in part:

(b) *Presentence Investigation and Report.—*

(1) When Made.—The probation officer shall make a presentence investigation and submit a report to the court before the sentence is imposed, unless:

(A) the defendant waives a presentence investigation and report;

(B) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority; and

(C) the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

W. Va. R.Crim. P. Rule 32(b)(1) (as amended, effective Jan. 1, 1996). The Appellant argued before the circuit court that the use of "and" in subsection (b)(1) requires that all three conditions—(A), (B), and (C)—must be met before a court may dispense with a presentence investigation and report.

Rejecting a conjunctive interpretation of Rule 32(b), the circuit judge stated that:

The three conditions requiring the presentence investigation report or not requiring [the report] is when the defendant waives it, which he is not doing; *or* when the Court finds the information in the record enables it to make a meaningful exercise of its sentencing authority; *and* the Court explains on its record the information in the record enabling it to meaningfully exercise its sentencing authority. (emphasis added).

Having so interpreted Rule 32(b), the circuit court denied the Appellant's motion, finding that since "a conviction for third-offense ... [DUI] requires ... a mandatory sentence of incarceration in the penitentiary .... the mandatory sentence requirement as imposed upon the Court enables it to make an effective sentence ... without the ... presentence investigation report." In the sentencing order, the circuit court again addressed the issue, stating: "The Court ... finds that a pre-sentence investigation report is not mandatory or necessary in this matter."

■ In considering the propriety of the circuit court's decision to forego a presentence investigation and report, we must decide the proper interpretation of Rule 32(b). The Appellant adheres to the position that all three elements delineated in the rule must be present in order to circumvent the requirement of a presentence investigation and report. Like the circuit court, we disagree and hold that Rule 32 of the West Virginia Rules of Criminal Procedure requires that a presentence investigation be made by the probation officer and a presentence report submitted to the trial court before sentence is imposed on a criminal defendant, unless the defendant waives a presentence investigation and report, or the court finds that the information in the record enables it to meaningfully exercise its sentencing authority, and the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

■ Rule 32 was amended to its present form by operation of an order of this Court, which was entered on November 15, 1995, and became effective on January 1, 1996. Prior to the amendment, the relevant language was embodied in subsection (c) of Rule 32, which stated:

The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence ... unless, with the permission of the court, the defendant waives a presentence investigation and report, *or* the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, *and* the court explains this finding on the record.

W. Va. R.Crim. P. Rule 32(c)(1) (as amended, effective Feb. 1, 1985) (emphasis added). Our interpretation of Rule 32(b) takes into account the amendment, which we find to be purely stylistic, and also recognizes that there are instances when, irrespective of a defendant's wishes, a presentence investigation and report are simply not needed for sentencing. In *State ex rel. Harless v. Bordenkircher,* 173 W.Va. 384, 315 S.E.2d 643 (1984), decided under former Rule 32(c), we found no error in the trial judge's decision to

dispense with a presentence report and rely on his own knowledge of the defendant's background in imposing sentence. We observed in *Bordenkircher* that "[i]n cases ... where the trial court is familiar with the defendant, it may be that the court has personal knowledge about much of the information that would be included in a presentence report and indeed, does not require a report as a sentencing aid." *Id.* at 386, 315 S.E.2d at 645. In addition, there would obviously be no need for a presentence investigation and report where a defendant is ineligible for probation under West Virginia Code § 62–12–2 (Supp.1999).

■ In the instant case, Mr. Bruffey did not waive, but instead explicitly requested, a presentence investigation and report. Under our holding, this request alone did not require a presentence investigation and report. As we noted earlier, however, the circuit court's refusal to order a presentence investigation and report was premised on its legal conclusion that a conviction for third-offense DUI carries a *mandatory* penitentiary sentence. This is incorrect. Although the sentencing statutes applicable upon conviction of third offense DUI and driving on revoked license for DUI do not provide for probation, they do provide that home detention may be used as an alternative sentence. W. Va.Code § 17C–5–2 (p) (1996);[3] W. Va.Code § 17B–4–3 (e) (1996).[4] Thus, imposition of a prison sentence for third-offense DUI is not mandatory. Because the circuit court's decision to dispense with a presentence investigation and report was based upon a misapprehension of the relevant sentencing statutes, we reverse and remand for a determination of whether a presentence investigation and report are needed for sentencing in light of the availability of home detention as an alternative to incarceration.

## B. Right of Allocution

■ The second assignment of error concerns the right of allocution, which is recognized by Rule 32 of the West Virginia Rules of Criminal Procedure. Subsection (c)(3) of Rule 32 provides that "[b]efore imposing sentence, the court *must* .... (C) address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of sentence ...." W. Va. R.Crim. P. Rule 32(c)(3) (1996) (emphasis added). "Allocution affords a defendant the opportunity to personally present to the court his or her defense or any mitigating information." *State v. Berrill*, 196 W.Va. 578, 587, 474 S.E.2d 508, 517. " 'Ancient in law, allocution is both a rite and a right. It is designed to temper punishment with mercy in appropriate cases, and to ensure that sentencing reflects individualized circumstances. Furthermore, allocution "has value in terms of maximizing the perceived equity of the process" ....' *United States v. De Alba Pagan*, 33 F.3d 125, 129 (1st Cir.1994)." *State v. Posey*, 198 W.Va. 270, 271–72, 480 S.E.2d 158, 159–60 (1996).

---

3. West Virginia Code § 17C–5–2 (1996), the sentencing statute for third offense DUI, provides in relevant part:

> (p) The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: Provided, That the court may apply the provisions of article eleven-a [§ 62–11A–1 et seq.], chapter sixty-two of this code to a person sentenced or committed to a term of one year or less. *An order for home detention by the court* pursuant to the provisions of article eleven-b [§ 62–11B–1 et seq.], chapter sixty-two of this code *may be used as an alternative sentence to any period of incarceration required by this section.* (emphasis added).

As this Court held in *State v. Yoak*, 202 W.Va. 331, 504 S.E.2d 158 (1998):

> W.Va.Code § 17C–5–2(p) (1996) gives circuit courts the option to consider an alternative

sentence of home incarceration under W.Va. Code § 62–11B–1 *et seq.* when an individual has been convicted of third offense driving under the influence of alcohol under W.Va. Code § 17C–5–2(k) (1996).

202 W.Va. at 335, 504 S.E.2d at 162.

4. West Virginia Code § 17B–4–3 (1996), the sentencing statute for driving on revoked license for DUI, provides in relevant part:

> (e) *An order for home detention by the court* pursuant to the provisions of article eleven-b [§ 62–11B–1 et seq.], chapter sixty-two of this code *may be used as an alternative sentence to any period of incarceration required by this section.* (emphasis added).

The statute was amended in 1999, but the amendment has no impact on our decision.

██ In *State v. Holcomb*, 178 W.Va. 455, 360 S.E.2d 232 (1987), this Court examined the procedural rule according the right of allocution, which was then contained in subsection (a)(1) of Rule 32.[5] In syllabus point six, the *Holcomb* Court held: "Rule 32(a)(1) of the West Virginia Rules of Criminal Procedure confers a right of allocution upon one who is about to be sentenced for a criminal offense." 178 W.Va. at 457, 360 S.E.2d at 234. Moreover, in syllabus point six of *Berrill*, we held: "In the circuit and magistrate courts of this state, the judge or magistrate shall, *sua sponte*, afford to any person about to be sentenced the right of allocution before passing sentence." 196 W.Va. at 579, 474 S.E.2d at 509.

 The State concedes that the circuit court erred in denying the Appellant his right of allocution prior to sentencing. The State argues, however, that under the "plain error" doctrine, the error was not prejudicial to Mr. Bruffey because he received the minimum mandatory sentence allowed by the applicable statutes, and, therefore, his allocution could not have led to a lesser sentence. This position is factually unsound as it ignores the alternative sentence of home detention. Furthermore, under our traditional plain error analysis,[6] the deprivation of allocution requires reversal of the sentence imposed.[7] We must never neglect any opportunity to maximize " 'the perceived equity of the process' " and promote public confidence in the rule of law. *Posey*, 198 W.Va. at 272, 480 S.E.2d at 160 (*quoting De Alba Pagan*, 33 F.3d at 129).

### C. Joinder of Misdemeanor Offenses

██ Finally, the Appellant assigns as error the circuit court's denial of his pretrial motion to dismiss the misdemeanor charges. As discussed earlier, the misdemeanor offenses were initially lodged against the Appellant in magistrate court. Subsequently, the prosecuting attorney obtained indictments from the grand jury for third offense DUI, driving on revoked license for DUI, and no proof of insurance. Based on the indictments, the State moved to dismiss the misdemeanor charges pending in the magistrate court, and the motion was granted.

As support for his position that West Virginia Code § 50–5–7 entitles him to a trial in magistrate court on the misdemeanor charges, the Appellant relies on *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979), and *Meadows v. Holliday*, 164 W.Va. 397, 264 S.E.2d 461 (1980). After careful analysis, we conclude that West Virginia Code § 50–5–7 is inapplicable on the record before us. That statute provides that "[e]very defendant charged in a magistrate court in a criminal proceeding which is within the jurisdiction of the court shall have the right to a trial on the merits in the magistrate court." W. Va.Code § 50–5–7. Under the plain language of the statute, a defendant's right to trial in magistrate court is dependent upon him being charged in that forum in a criminal proceeding. Hence, the obvious question is: what must occur procedurally in order for a defendant to be charged in a magistrate court in a criminal proceeding? Or, stated differently, when does a criminal proceeding commence? The answer lies in the Rules of Criminal Procedure for the Magistrate Courts of West Vir-

---

5. Rule 32(a)(1), as it existed at the time of the *Holcomb* decision, provided in pertinent part: "Before imposing sentence the court shall ... (C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment." W. Va. R.Crim. P. Rule 32(a)(1) (as amended, effective Feb. 1, 1985).

6. *See* syllabus point two of *Berrill*, holding that " '[t]o trigger application of the "plain error" doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.' Syllabus point 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995)." 196 W.Va. at 579, 474 S.E.2d at

509. "Where no objection to the denial of allocution was made at trial, the error is subject to review for plain error." Syl. Pt. 5, *Berrill*, 196 W.Va. at 579, 474 S.E.2d at 509.

7. *See Posey*, 198 W.Va. at 272, 480 S.E.2d at 160 ("The right to allocution is an integral part of the sentencing process which, if not fully afforded to the defendant, requires a reversal of the sentence imposed."); *Berrill*, 196 W.Va. at 587, 474 S.E.2d at 517 ("Because [allocution] ... may be the only opportunity for an accused to address the court, it carries great importance and its omission will ordinarily justify reversal.") (*citing United States v. Cole*, 27 F.3d 996, 998 (4th Cir.1994)).

ginia, adopted by order of this Court on June 22, 1988, which became effective on July 1, 1988.

Rule 3 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia provides as follows:

> The complaint is a written statement of the essential facts constituting the offense charged. The complaint shall be presented to and sworn or affirmed before a magistrate in the county where the offense is alleged to have occurred. Unless otherwise provided by statute, the presentation and oath or affirmation shall be made by a prosecuting attorney or a law enforcement officer showing reason to have reliable information and belief. If from the facts stated in the complaint the magistrate finds probable cause, the complaint becomes the charging instrument initiating a criminal proceeding.

Mag. Cts. R.Crim. P. Rule 3 (emphasis added). In addition, Rule 4 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia provides for the issuance by a magistrate of an arrest warrant or a summons upon a complaint. The relevant portion of Rule 4 states:

> (a) Issuance.—If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it.

Mag. Cts. R.Crim. P. Rule 4, in part. Furthermore, Rule 7 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, concerning traffic and natural resources offenses, provides in pertinent part:

> (a) Citation.—In lieu of the procedures set forth in Rules 3 and 4 of these rules, a law enforcement officer may prepare and serve a citation as the instrument charging a misdemeanor violation of Chapter 17, 17A, 17B, or 17C, except as provided by West Virginia Code § 17C–19–3, 17D, or 20 of the West Virginia Code. . . .
>
> (b) Pleas of guilty or no contest.—The citation shall be a sufficient document to

which the defendant may plead guilty or no contest. . . .

> (c) Plea of not guilty.—A plea of not guilty to a traffic or natural resources citation may be made in person before a magistrate in the county in which the offense was charged, or by mail to the magistrate court of such county. In such instances, a complaint must be filed at or prior to trial which complies with the probable cause requirements of Rule 4 and an initial appearance conducted pursuant to the procedures set forth in Rule 5 of these rules.

Mag. Cts. R.Crim. P. Rule 7, in part (emphasis added). In instances where a person pleads not guilty to a traffic or natural resources citation issued pursuant to Rule 7, the complaint and probable cause requirements of Rules 3 and 4 are activated.

■ As we interpret Rules 3, 4, and 7, a criminal proceeding begins and ends upon the entry of a plea of guilty to charges in a traffic or other citation, the acceptance by the magistrate court of the plea, the adjudication of guilt, and the imposition of sentence. Upon a plea of not guilty to such a citation, however, a criminal proceeding is not commenced until a written, verified complaint has been filed and, from the facts stated in the complaint, a magistrate has found probable cause. When this happens, the complaint becomes "the charging instrument initiating a criminal proceeding." Mag. Cts. R.Crim. P. Rule 3. Accordingly, we hold that a defendant's right to trial in magistrate court under West Virginia Code § 50–5–7 attaches when a criminal proceeding has been initiated in that forum. In situations where a plea of not guilty is entered in answer to a traffic or other citation, a criminal proceeding is initiated under the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, not with the filing of the citation, but when a written and verified complaint has been filed and a finding of probable cause has been made by the magistrate. In the case sub judice, no written complaint was ever filed nor was a probable cause finding made in the magistrate court. Therefore, the circuit court did not err in requiring the Appellant to stand trial under the indictment. Questions involving the effect of mandatory joinder of offenses do not arise.

## IV. CONCLUSION

Upon all of the foregoing, the January 25, 1999, order of the Circuit Court of Doddridge County is affirmed with respect to the Appellant's convictions and reversed with respect to the imposition of sentence. The case is remanded to the circuit court with directions to resentence the Appellant after determining whether a presentence report is needed as an aid in sentencing, obtaining said report if necessary, and affording the Appellant his right of allocution.

Affirmed, in part; reversed, in part; and remanded with directions.