# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-1065** (Morgan County 16-M-AP-3)

**Christopher Lee Nottingham,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher Lee Nottingham, by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Morgan County's October 11, 2016, order dismissing his appeal from magistrate court for lack of jurisdiction. The State, by counsel David A. Stackpole, filed a response. On appeal, petitioner argues that the circuit court erred in denying his appeal from magistrate court because Rule 20.1(a) of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia was not controlling.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to June of 2016, petitioner had criminal charges pending against him in both Berkeley and Morgan Counties. In the Berkeley County matter, petitioner was charged with probation revocation. In the Morgan County matter currently on appeal, petitioner was charged with entering an automobile, without breaking, and petit larceny. According to petitioner, on June 3, 2016, the Magistrate Court of Morgan County held a hearing, during which the State indicated that a plea providing for concurrent sentencing was possible in the matter, depending on the outcome of the Berkeley County matter. Petitioner alleges that the parties came on for another hearing on August 3, 2016, and informed the magistrate court of the proposed plea agreement. The parties further indicated that the Berkeley County matter was set for a hearing in August of 2016. Petitioner acknowledges that the magistrate court expressed concern with respect to concurrent sentences for his crimes. Petitioner later admitted to violating the terms of his probation in the Berkeley County matter and was sentenced to a term of incarceration of one to ten years in that matter.

On August 25, 2016, the Magistrate Court of Morgan County held a hearing, during which the State requested that the circuit court set a trial date. The following month, petitioner

1

filed a "Motion To Enforce Plea Agreement."[1] According to petitioner, he detrimentally relied upon his plea agreement with the State when he admitted to violating his probation in the unrelated criminal matter in Berkeley County. The same day petitioner filed his motion, the State filed a motion to dismiss the charges because it wished to present the matter to a grand jury. The magistrate court ultimately granted the State's motion to dismiss without ruling on petitioner's motion.

In September of 2016, petitioner filed a petition for appeal to the circuit court and argued that the magistrate court should have ruled on his motion. In ruling on petitioner's appeal, the circuit court cited to Rule 20.1(a) of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, which provides that "any person *convicted* of a misdemeanor in a magistrate court may appeal *such conviction* to the circuit court as a matter of right." (emphasis added). As such, the circuit court found that it lacked jurisdiction to hear petitioner's appeal. Accordingly, by order entered on October 11, 2016, the circuit court denied petitioner's petition for appeal. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey*, 207 W.Va. 267, 531 S.E.2d 332 (2000). Upon our review, we find no error in the proceedings below.

As the circuit court correctly found, Rule 20.1(a) of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia requires a conviction in order for a defendant to appeal. On appeal to this Court, petitioner cites to various other statutes and authorities that he argues vest jurisdiction in circuit courts to hear appeals from magistrate court criminal cases that do not result in a conviction. However, we do not find these authorities persuasive.

---

[1]It is important to note that the record is devoid of any evidence that petitioner and the State ever entered into a plea agreement regarding the charges pending in the Magistrate Court of Morgan County. In fact, in his "Motion to Enforce Plea Agreement," petitioner specifically states that "the State indicated that it would be willing to resolve this case with a misdemeanor plea . . . ." at the initial hearing in June of 2016. He goes on to allege that, at an August 3, 2016, status hearing, "the parties advised the [magistrate c]ourt of the plea proposal . . . ." Petitioner then, without including any evidence or allegation that an agreement was reached, when it was reached, or what the terms of the agreement were, alleges that the parties entered into an agreement by the hearing held on August 22, 2016, at which the State requested to proceed to trial. As such, petitioner has failed to establish that any plea agreement was ever reached.

Specifically, while it is true that West Virginia Code § 51-2-2(a) grants circuit courts "supervision and control of all proceedings before magistrates[,]" petitioner ignores the fact that West Virginia Code § 51-2-2(e) provides that "[t]he circuit court shall have appellate jurisdiction in all cases, civil and criminal, where an appeal, writ of error or supersedeas *may be allowed* to the judgment or proceedings of any inferior tribunal." (emphasis added). Here, Rule 20.1(a) allows only for appeals from convictions in magistrate court criminal proceedings. Similarly, West Virginia Code § 50-5-13(a) limits appeals from magistrate court criminal cases to convictions. ("Any person *convicted* of an offense in a magistrate court may appeal *such conviction* to circuit court as a matter of right by requesting such appeal within twenty days after the sentencing for such conviction. (emphasis added)).

The Court is similarly not persuaded by Rule 37(a)(2) of the West Virginia Rules of Criminal Procedure, which provides that "[a]n appeal *permitted by law* from a magistrate court to a circuit court is taken by requesting an appeal in the magistrate court within the time provided by Chapter 50, Article 5, Section 13, of the West Virginia Code of 1931, as amended." (emphasis added). As with West Virginia Code § 51-2-2(d), the language of this rule limits appeals to those permitted by law, which would necessarily exclude criminal appeals from magistrate court where a conviction does not issue. Accordingly, we find no merit to petitioner's arguments on appeal.

For the foregoing reasons, the circuit court's October 11, 2016, order dismissing petitioner's appeal is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker