# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0332** (Wood County 18-F-194)

**Eric Christopher Edgar,**
**Defendant Below, Petitioner**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eric Christopher Edgar, by counsel Justin M. Collin, appeals the Circuit Court of Wood County's March 8, 2019, order sentencing him to an effective term of one to ten years of incarceration following his convictions of breaking and entering and destruction of property. Respondent State of West Virginia, by counsel Andrea Nease-Proper, filed a response. Petitioner filed a reply. On appeal, petitioner asserts that the circuit court erred in denying his motion for a judgment of acquittal when there was insufficient evidence to support his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, petitioner was indicted by a Wood County Grand Jury on one count of breaking and entering and one count of destruction of property. Petitioner's trial commenced in January of 2019, during which the State presented three witnesses. First, Officer Richard Sanchez of the Parkersburg Police Department testified that he was dispatched to House to Home[1] for a breaking and entering in progress on April 7, 2018. Upon arriving at House to Home, Officer Sanchez observed several lights on in the building, which was originally a two-

---

[1]House to Home is a charitable organization that offers free day services to individuals who are homeless, including free food, showers, and computer usage to apply for jobs. Unlike many homeless shelters, House to Home operates strictly during the day and is closed throughout the night. No employees are present on site after hours.

1

story single family home. Officer Sanchez also noticed that the front door had been kicked in and debris littered the front stoop. Officer Sanchez testified that he was able to see petitioner through the front window and directed him to step outside the building. After briefly hesitating, petitioner stepped outside the building and was handcuffed. Officer Sanchez testified that he entered the home to perform a sweep to ensure that no one else was in the building. Upon climbing the stairs, Officer Sanchez noticed two doors to supply rooms had been forced open and their doorknobs and locking mechanisms were lying on the floor. Officer Sanchez described the rooms as ransacked, with food and personal hygiene items littering the floor. Officer Sanchez discovered that the floor in the bathroom was wet, and he found a bottle of body wash and the lid to a consumed bottle of water, which was located in another room. Officer Sanchez stated that he saw no one else in the home.

Second, Officer Timothy Kashorek, also with the Parkersburg Police Department, testified that he was likewise dispatched to House to Home for a breaking and entering in progress on April 7, 2018. Officer Kashorek corroborated Officer Sanchez's testimony that they arrived at the building to find the lights on and petitioner inside. Officer Kashorek testified that petitioner stepped outside of the building when asked and was placed in handcuffs. Officer Kashorek stayed with petitioner while the other officers swept the building. According to Officer Kashorek, petitioner kept repeating that he "just wanted a shower" and that he broke into the building to get warm. Officer Kashorek testified that no food or canned goods were found on petitioner's person.

Third, Michele Rusen, a member of the Board of Directors of the Parkersburg Area Coalition for the Homeless, testified regarding the operations of House to Home. Ms. Rusen testified that House to Home operates during the day, Monday through Friday, and occasionally on Saturday, and that most homeless shelters require inhabitants to leave the shelter during the day. Ms. Rusen stated that during evening and nighttime hours, no one is in the building. Ms. Rusen testified that petitioner was not given permission to be in the home and that he destroyed the front door and moved things out of place.

Following Ms. Rusen's testimony, the State rested. Petitioner presented no evidence, but moved the circuit court for a judgment of acquittal, arguing that the State had not presented evidence that he intended to commit a larceny upon entering the building.[2] The State argued that the upstairs doors had been kicked in, a beverage had been consumed, and food and hygiene items had been strewn throughout the floors. As such, the State contended that the jury could

---

[2]In relevant part, West Virginia Code § 61-3-12 provides that

[i]f any person shall, at any time, break and enter, or shall enter without breaking, any office, shop, storehouse, warehouse, banking house, or any house or building, other than a dwelling house or outhouse adjoining thereto or occupied therewith, . . . within the jurisdiction of any county in this state, with intent to commit a felony or any larceny, he or she shall be deemed guilty of a felony and, upon conviction, shall be confined in a state correctional facility not less than one nor more than 10 years.

infer petitioner's intent to commit larceny from the totality of the circumstances. Ultimately, the circuit court denied petitioner's motion.

Following deliberations, the jury convicted petitioner of each count charged in the indictment. In March of 2019, the circuit court held a sentencing hearing wherein it sentenced petitioner to an indeterminate term of one to ten years of incarceration for the count of breaking and entering and a determinate term of one year of incarceration for the count of destruction of property, to be served concurrently. It is from the March 8, 2019, sentencing order that petitioner appeals.

We have previously held as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000).

On appeal, petitioner argues that the circuit court erred in denying his motion for a judgment of acquittal when there was insufficient evidence to support the verdict regarding his breaking and entering charge. Petitioner argues that the State failed to prove that he had the requisite intent to commit larceny prior to entering the building. According to petitioner, the State simply established that he broke into House to Home because he was cold and needed a shower. While he concedes that the broken upstairs doors and the consumed bottle of water are evidence of larceny, petitioner argues that these things are "insufficient evidence for any rational jury to infer beyond a reasonable doubt that [p]etitioner entered House to Home with the intent to steal." Based on the foregoing, petitioner concludes that the circuit court erred in denying his motion for a judgment of acquittal when there was insufficient evidence to support his conviction. Having reviewed the record, we find no merit in petitioner's arguments.

Regarding a claim that the evidence at trial was insufficient to convict, this Court has stated that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). This review takes circumstantial evidence into account. "Circumstantial evidence . . . is intrinsically no different

from testimonial evidence." *Id.* at 668, 461 S.E.2d at 174 (quoting *Holland v. United States*, 348 U.S. 121, 139-40 (1954)). "Circumstantial evidence and direct evidence inherently possess the same probative value." *Guthrie*, 194 W. Va. at 669, 461 S.E.2d at 175 (quoting *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492, 502 (1991)). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, syl. pt. 3, in part.

Here, the State needed to prove that petitioner had the intent to commit a felony or larceny when he entered the building.[3] *See State v. Johnson*, 179 W. Va. 619, 631, 371 S.E.2d 340, 352 (1988) ("The breaking and entering statute, W.Va. Code, 61-3-12, under which the defendant was indicted generally requires a breaking and entering or entry without breaking of a store or other building with the intent to commit a felony or any larceny therein. This statute does not require proof of an actual larceny or other felony."). Reviewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence for the jury to find that petitioner had the requisite intent when he entered House to Home and ransacked the supply rooms. The record demonstrates that Ms. Rusen testified that she had not given petitioner permission to be in the building after hours. Additionally, Officer Sanchez testified that the front door was forced open, body wash and a cap to an empty water bottle were found in the bathroom, and the supply rooms were in a state of disarray. While petitioner argues that he told police he was simply looking to get out of the cold and take a shower, his story does not explain why he broke into the two supply rooms upstairs and ransacked food and hygiene items. That petitioner had no food or hygiene items on his person when the police found him has no bearing on the validity of his conviction; the jury simply had to find that he had the intent to commit a larceny—not that he actually completed the crime. Moreover, petitioner's counsel argued during closing arguments that petitioner entered the building with the intent to take a shower and nothing more, and the jury was able to consider this information and weighed it accordingly. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997*)* ("The trier of fact is uniquely situated to make such [credibility] determinations and this Court is not in a position to, and will not, second guess such determinations."). Based on the foregoing, we find that the evidence presented was sufficient for the jury to infer that petitioner had the requisite

---

[3]Petitioner raises no issue with the breaking and/or entering elements of the crime charged. He argues only that the State failed to present sufficient evidence regarding the requisite intent.

intent to commit larceny when he entered House to Home. Therefore, the circuit court did not err in denying petitioner's motion for a judgment of acquittal.

For the foregoing reasons, we affirm the circuit court's March 8, 2019, sentencing order.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison