# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0500** (Jackson County CC-18-2017-F-33)

**Darrell Lee Williams,**
**Defendant Below, Petitioner**

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Darrell Lee Williams, by counsel Kevin B. Postalwait, appeals the Circuit Court of Jackson County's April 23, 2019, order sentencing him to incarceration for life without the possibility of parole. The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion by not making specific findings of fact and conclusions of law on which its sentencing order was based and by sentencing petitioner to life without the possibility of parole.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2017, the grand jury indicted petitioner on one count of first-degree murder, one count of nighttime burglary, and one count of conspiracy to commit a felony. Thereafter, petitioner entered into a plea agreement with the State of West Virginia to resolve all pending counts, wherein the State agreed to dismiss the counts of burglary and conspiracy if petitioner agreed to plead guilty to first-degree murder. The State also agreed to recommend that petitioner receive mercy at sentencing. In January of 2019, petitioner pled guilty to one count of first-degree murder. Prior to sentencing, the Adult Probation Department submitted a presentence investigation report to which petitioner objected to portions relating to previously dismissed criminal charges and jail disciplinary records.

The circuit court held the final sentencing hearing in April of 2019, noted petitioner's objections to certain information in the presentence investigation report, and stated that it would give the information appropriate weight. Petitioner called three witnesses who testified on his

1

behalf and argued in favor of mercy. The State presented the testimony of four witnesses who were family members or friends of the victim. Ultimately, the State recommended that petitioner receive mercy and be granted a life sentence of incarceration with the possibility of parole. At the conclusion of the hearing, the circuit court stated the following:

> The Court has considered the file in this matter. The Court has considered the presentence investigation report, the submissions of [petitioner], and the exhibits in mitigation of sentence. All the matters of record herein for the Court to consider with regard to sentencing in this matter. I've afforded the defense an opportunity to present the witnesses[,] I've heard from the defense, provided [petitioner] the opportunity to speak on his own behalf, I've heard from the state and the victims in this matter, and the Court shall now impose a sentence at this time.

The circuit court then sentenced petitioner to life without the possibility of parole and entered a sentencing order reflecting its decision on April 23, 2019. It is from this order that petitioner now appeals.

> We have previously held as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000).

On appeal, petitioner argues that the circuit court abused its discretion by not making specific findings of fact and conclusions of law on which its sentencing order was based. In support, petitioner argues that although the circuit court's final order states which witnesses testified and the various types of evidence presented, it failed to "put any of that information into context of how [it] considered the information and which information [was] . . . used to base its sentencing decision." The lack of findings, petitioner argues, "renders impossible a meaningful appeal, especially in light of the recommendation of mercy from the State of West Virginia." Further, petitioner asserts that without specific findings, there is no way to know whether the circuit court considered information that was improper. Simply stated, he argues, the circuit court gave no reasons for implementing a sentence of life without mercy versus life with mercy. We find petitioner's argument without merit.

Petitioner is correct in that a circuit court "speaks through its written orders, which, 'as a rule, must contain the requisite findings of fact and conclusions of law to permit meaningful appellate review.'" *State v. Allman*, 234 W. Va. 435, 438, 765 S.E.2d 591, 594 (2014) (citations omitted). However, here, the circuit court's order specifies what evidence, exhibits, and testimony it considered when sentencing petitioner. Moreover, the circuit court addressed petitioner's objections to his prior criminal history as well as his jail disciplinary records and stated that it

would give such information appropriate weight. Petitioner claims that the circuit court may have relied on this information at sentencing but does not argue or cite authority stating that such information, contained within a standard presentence investigation report, was impermissible for consideration at sentencing. In fact, according to Rule 32(b) of the West Virginia Rules of Criminal Procedure, circuit courts may consider the defendant's presentence investigation report, which includes his prior criminal history, in imposing a sentence. Having reviewed the record, we find that petitioner is entitled to no relief.

Next, petitioner argues that the circuit court abused its discretion by sentencing him to life imprisonment without mercy when the State recommended mercy. Further, petitioner argues that the circuit court failed to consider rehabilitation as a factor at sentencing. Petitioner does not challenge the proportionality of his life sentence and, therefore, our review is limited to the circuit's court's decision to deny petitioner mercy.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

First and foremost, whether a person convicted of first-degree murder following a guilty plea will be eligible for parole is left to the sole discretion of the circuit court. *See* W. Va. Code § 62-3-15 (2014) ("[I]f the accused pleads guilty of murder of the first degree, the court may, in its discretion, provide that such person shall be eligible for parole. . . ."). However, the circuit court's discretion is limited when it accepts a binding plea agreement to a specific sentence. *See State v. Shrader*, 234 W. Va. 381, 390, n.18, 765 S.E.2d 270, 279, n.18 (2014) ("a trial court cannot be bound by a plea agreement unless a specific sentence is involved [and] [i]n accordance with Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, a plea becomes binding when there is an agreement to a specific sentence.").[1] Here, petitioner does not contend nor does the record

---

[1]Rule 11(e)(1) of the West Virginia Rules of Criminal Procedure provides, in relevant part,

*In General.* The attorney for the state and the attorney for the defendant . . . may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty . . . to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following:

(A) Move for dismissal of other charges; or

(B) Make a recommendation or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) Agree that a specific sentence is the appropriate disposition of the case[.]

indicate that the circuit court accepted the State's recommendation of mercy in a binding plea agreement pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure. Without the acceptance of a binding plea agreement, the State's action was merely a recommendation for mercy "with the understanding that such recommendation or request [was] not . . . binding upon the [circuit] court," as provided by Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure. Therefore, the circuit court was free to exercise its discretion at sentencing, including deciding whether to grant petitioner mercy, and petitioner cites no evidence that that the circuit court abused this discretion.

Regarding petitioner's claims that the circuit court failed to consider his potential for rehabilitation and relied upon "improper evidence objected to by [him] regarding the pre-sentence investigation and report," we likewise find that petitioner is entitled to no relief.[2] Petitioner claims that he would have received mercy had the circuit court not been privy to certain information contained in his presented investigation report. Indeed, as discussed above, the circuit court considered information contained in petitioner's presentence investigation report and noted his objections to his criminal history and jail disciplinary records. However, petitioner fails to cite to anything in the record that establishes that the circuit court considered any of the information from the presentence investigation report to which petitioner objected or otherwise show how this information was "improper" for the circuit court's consideration at sentencing. Furthermore, petitioner's presentence investigation report was also made available to the circuit court for its consideration of petitioner's potential for rehabilitation. Ultimately, these claims are mere conjecture and entirely unsupported. Below, the circuit court was free to sentence petitioner as it deemed appropriate after reviewing all the evidence and hearing all of the arguments at sentencing, and it explained what evidence was presented at said hearing in the final sentencing order. Based on the information provided at sentencing, the circuit court determined that mercy was not warranted, and we find no reason to disturb this finding.

For the foregoing reasons, the circuit court's April 23, 2019, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[2]Although petitioner fails to allege that his sentence was not within the applicable statutory limits, we have found that life imprisonment for first-degree murder is "unquestionably within statutory limit[s]." *State v. Holstein*, 235 W. Va. 56, 68, 770 S.E.2d 556, 568 (2015).