# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0793** (Roane County CC-44-2020-F-62)

**Bobby J. Criner,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Bobby J. Criner, by counsel Matthew Brummond, appeals the September 7, 2021, order of the Circuit Court of Roane County adjudging Mr. Criner guilty of first-degree murder, ordering that he serve a sentence of life in the custody of the West Virginia Division of Corrections and Rehabilitation, and directing that he be eligible for parole after fifteen years. Respondent State of West Virginia, by counsel Patrick Morrisey and Scott E. Johnson, filed a response in support of the circuit court's order. Mr. Criner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Criner was indicted on one count of first-degree murder in connection with the shooting death of Bruce Hockensmith on April 19, 2020. Mr. Criner's case proceeded to a four-day bifurcated jury trial beginning on June 14, 2021. The evidence presented established that Mr. Criner was Mr. Hockensmith's father-in-law and that the two men owned adjacent properties. During a property dispute on April 19, 2020, Mr. Criner shot Mr. Hockensmith, killing him. Mr. Criner told police that he shot the victim in self-defense.

The jury returned a verdict of guilty on the first-degree murder charge with a recommendation of mercy. Upon excusing the jury, the trial court held the following discussion with the prosecuting attorney and Mr. Criner's trial counsel:

> THE COURT:        Okay. You've now heard the verdicts of the jury.
>
> MR. DOWNEY [the prosecuting attorney]:  Probably  need  a  post[-]trial

motions date.

> THE COURT: A date for post[-]trial motions. Let's see here.

> MR. DOWNEY: Your Honor, as we set this, the one inquiry I have is so that we can be prepared, we still need to have -- I know the [c]ourt is bound by the sentence imposed by the jury, but we will still need a sentencing hearing.

> Do we intend to be prepared to do that the same day as post[-]trial motions or would we be -- obviously there's really no need for a PSI [presentence investigation] in this case.

> THE COURT: That's true. I think we can do it all on the same day, if that works for the lawyers.

> MR. VODDEN [Mr. Criner's trial counsel]: I think that, in the event the post[-]trial motions are denied, it would be fine to do the sentencing.

The parties appeared before the trial court again for a hearing on August 2, 2021. During the hearing, the trial court considered and denied Mr. Criner's post-trial motions.[1] The trial court then turned to the issue of sentencing, allowing Mr. Criner to make an allocution, and allowing Mr. Hockensmith's daughter to make a statement. The trial court proceeded to have the following discussion with the prosecuting attorney and Mr. Criner's trial counsel:

> THE COURT: In view of the fact that this is a case that involved a life sentence, I don't believe it's appropriate that we need a presentence investigation, if that's agreed by everyone.

> MR. VODDEN: Yes, Your Honor.

> MR. DOWNEY: Yes, Your Honor.

> . . . .

> MR. VODDEN: . . . I understand the [c]ourt is bound here to a sentence of life with mercy. Mr. Criner continues to maintain his innocence, that he acted in self-defense when he committed this act.

> . . . .

> MR. DOWNEY: . . . This is not a good day; it's not a happy day for anybody; this is not a victory for anybody today. Mr. Criner will be sentenced to

---

[1] Mr. Criner's post-trial motions consisted of (1) a motion to set aside the verdict and grant a new trial and (2) a motion for post-verdict judgment of acquittal. Neither motion involved an issue relevant to this appeal.

prison for the rest of his life. He has the eligibility for parole. . . .

I think the [c]ourt's required to do it, but I would ask the [c]ourt to impose a life sentence with the understanding that he is entitled to mercy as granted by the jury.

The trial court entered a final order on September 7, 2021. The order stated that, during the August 2, 2021, hearing "[t]he State of West Virginia moved the [c]ourt to proceed to sentencing as the sentence to be imposed was set by the [j]ury's guilty verdict of [f]irst[-][d]egree [m]urder with the recommendation of mercy. There was no objection by the [d]efendant to proceeding to sentencing." Consistent with the trial court's ruling during the hearing, the order adjudged Mr. Criner guilty of first-degree murder, ordered that he serve a sentence of life in the custody of the West Virginia Division of Corrections and Rehabilitation, and directed that he be eligible for parole after fifteen years. Mr. Criner now appeals the trial court's September 7, 2021, order.

On appeal, Mr. Criner asserts a single assignment of error: "[T]he circuit court commit[ted] plain error by ruling it had no discretion but to place [Mr. Criner] in prison." In support of this assertion, Mr. Criner avers that the trial court erred "by not realizing it could consider alternative placement under the Home Incarceration Act[, West Virginia Code §§ 62-11B-1 to -13]" and "by forgoing a presentence investigation on the mistaken belief that the court had no sentencing discretion to exercise." Mr. Criner states that he is eighty-nine years old, that he has severe hearing loss, that he has shown signs of age-related cognitive decline, and that he suffers from numerous physical ailments. He asks that the Court remand the case to the trial court for a presentence investigation and report and for the trial court to determine whether he should serve his sentence incarcerated in the penitentiary or at home.

In this appeal, Mr. Criner challenges the sentence imposed upon him by the trial court in the September 7, 2021, order. "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 7, in part, *State v. Tewalt*, 243 W. Va. 660, 849 S.E.2d 907 (2020).

Rule 32(b)(1) of the West Virginia Rules of Criminal Procedure addresses presentence investigations and reports, stating:

When made. — The probation officer shall make a presentence investigation and submit a report to the court before the sentence is imposed, unless:
    (A) the defendant waives a presentence investigation and report;
    (B) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority; and
    (C) the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

Pursuant to this rule, a presentence investigation and report is not required before sentencing where the defendant waives his or her right to the same. *See* Syl. Pt. 3, *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000) ("Rule 32(b) of the West Virginia Rules of Criminal Procedure requires

that a presentence investigation be made by the probation officer and a presentence report submitted to the trial court before sentence is imposed on a criminal defendant, unless the . . . defendant waives a presentence investigation and report, or the court finds that the information in the record enables it to meaningfully exercise its sentencing authority, and the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.").

There is no dispute that Mr. Criner's trial counsel did not object to proceeding to sentencing without a presentence investigation or report. We have recognized that

> [w]hen a litigant deems himself or herself aggrieved by what he or she considers to be an important occurrence in the course of a trial or an erroneous ruling by a trial court, he or she ordinarily must object then and there or forfeit any right to complain at a later time.

*State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996); *see also* Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996) ("To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect."). Mr. Criner asserts that, because his counsel did not lodge an appropriate objection, he forfeited the error; however, he argues that this Court may notice the error under the plain error doctrine.

We have said that "[t]he 'plain error' doctrine grants appellate courts, in the interest of justice, the authority to notice error to which no objection has been made." *See State v. Miller*, 194 W. Va. 3, 18, 459 S.E.2d 114, 129 (1995) "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 7, 459 S.E.2d at 118, Syl. Pt. 7.

We find that the trial court did not commit plain error by sentencing Mr. Criner without a presentence investigation. By agreeing with the trial court's statement during the August 2, 2021, hearing that a presentence investigation was not needed and by proceeding with sentencing without a presentence investigation, Mr. Criner did not merely forfeit the presentence investigation—he waived it. *See Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 8 (explaining that forfeiture is "the failure to make timely assertion of [a] right" whereas waiver is "a knowing and intentional relinquishment or abandonment of a known right"). As noted above, Rule 32(b)(1) does not require a presentence investigation if the defendant waives it. Thus, the trial court did not deviate from Rule 32. We have held that

> [a] deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined.

*Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 8, in part. In this case, even if the trial court deviated from the dictates of Rule 32—which we expressly find that it did not—the first element

4

of the plain error test could not be satisfied, as the waiver would have extinguished any error. In that Mr. Criner has made no other attack on his sentence, we conclude that the circuit court did not abuse its discretion by ordering that Mr. Criner serve a sentence of life in the penitentiary and directing that he be eligible for parole after fifteen years.[2]

     For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  September 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING AND WRITING SEPARATELY:**

Justice Elizabeth D. Walker
Justice C. Haley Bunn

BUNN, Justice, dissenting, joined by Justice Walker:

     I dissent to the majority's resolution of this matter because I would have set this case for oral argument to thoroughly address the error alleged in this appeal and to resolve a discrepancy in the Court's interpretation of Rule 32(b)(1) of the West Virginia Rules of Criminal Procedure. *Compare* Syl. pt. 3, *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000) (requiring a presentence investigation and report unless the defendant waives them pursuant to subdivision (b)(1)(A) *or* subdivisions (b)(1)(B) and (C) are met), *with State v. Brown*, 210 W. Va. 14, 28, 552 S.E.2d 390, 404 (2001) (requiring a presentence investigation and report unless subdivisions (b)(1)(A), (B), *and* (C) are met). Having reviewed the appendix record and Petitioner's brief, as well as the issues raised therein, I believe a formal opinion of this Court is warranted to reconcile these conflicting interpretations.

     Accordingly, I respectfully dissent.

---

[2] To the extent Mr. Criner argues that the trial court ruled it lacked discretion regarding the sentence imposed upon him, we note that the portions of the record to which he cites contain no mention of the word "discretion." Indeed, nowhere in those pages of the appendix record does the trial court express a belief that it cannot order that Mr. Criner serve his life sentence incarcerated in his home. Regardless, as the State aptly asserts, "[w]hether or not [Mr. Criner] is otherwise substantively correct on appeal—that home incarceration is available for a first-degree murder sentence—is not a question this Court need address in light of [his] waiver."