# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0864** (Berkeley County CC-02-2019-F-255)

**Joshua Earl Cupp,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Joshua Earl Cupp, by counsel Jason Stedman, appeals the Circuit Court of Berkeley County's sentencing order entered on October 6, 2020. The State, by counsel Scott E. Johnson, filed a response. On appeal, petitioner alleges that 1) he was not properly identified as the driver of the vehicle at issue in his conviction, 2) he was denied the right to counsel during a previous conviction, 3) the State used his prior convictions as an improper character attack, and 4) he received ineffective assistance of trial counsel.[1]

---

[1]At the outset, we note that petitioner's arguments for all four of his assignments of error consist of very skeletal sentences; only a few, bare citations to the appendix record; and citations to just three total cases, statutes, or any other authorities to support his positions. As such, petitioner's briefing on these issues is inadequate and fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . .

(continued . . . )

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2019, a Berkeley County Grand Jury indicted petitioner for two counts of third-offense driving on a license revoked for driving under the influence ("DUI"). Count one alleged that on or about May 2, 2018, petitioner drove on a public highway in West Virginia while his privilege to drive was revoked for DUI. Count one also alleged that petitioner had previously been convicted of driving while revoked for DUI twice before, to wit, in the Magistrate Court of Berkeley County on May 3 and 25, 2016. Count two of the indictment alleged that on or about October 9, 2018, petitioner drove a vehicle on a public highway in West Virginia while his privilege to drive was revoked for DUI. Count two of the indictment also alleged that petitioner had twice before been convicted of driving while revoked for DUI on the basis of the same convictions alleged in count one of the indictment.

In July of 2020, the circuit court held a jury trial on petitioner's indictment. At the trial, Berkeley County Sheriff's Corporal Nelson Schoppert testified that on May 2, 2018, he was following a black Lincoln SUV and observed the vehicle cross the fog line on several occasions.[2] Corporal Schoppert testified that he stopped the vehicle and petitioner identified himself as the driver. Corporal Schoppert also identified petitioner as the driver of the vehicle at the trial. Corporal Schoppert testified that petitioner provided him an identification card—not a driver's license—and admitted that he was driving despite having a revoked license. Corporal Schoppert testified that the dispatcher advised him that petitioner's license was revoked for a DUI. Corporal Schoppert stated that, as a result, he arrested petitioner for driving on a revoked license and checked the magistrate court files, which revealed that petitioner had two prior convictions for driving while revoked for DUI. Finally, Corporal Schoppert noted that he charged petitioner with driving while revoked for DUI, third offense.

Next, Berkeley County Sheriff's Deputy Phillip Butcher testified that he responded to a vehicle accident involving a black Lincoln SUV and a black Dodge Ram truck on October 9, 2018. Deputy Butcher testified that the driver of the black Lincoln SUV was not at the scene and had been transported by emergency medical services to a local hospital. Deputy Butcher explained that he went to the hospital where a nurse informed him that the driver of the black Lincoln SUV had checked out of the hospital against medical advice. Deputy Butcher testified that he was told the driver's name was Joshua Cupp, that he was a white male, and that he had several tattoos. Based on this information, Deputy Butcher explained that he located a picture of petitioner from social media, which he showed to the attending nurse who advised that the picture was of the individual

---

record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Nevertheless, we address each of petitioner's assignments of error below.

[2]The white fog line on the right-hand side of the road divides the road from the shoulder.

who left the hospital against medical advice. Deputy Butcher also testified that he was unable to locate petitioner that night but did learn that petitioner had two prior convictions for driving while revoked due to DUI.

Finally, the State presented the testimony of Berkeley County Emergency Medical Technician ("EMT") Alex Dulyea. Mr. Dulyea testified that he completed a patient care report for a traffic accident on October 9, 2018. Mr. Dulyea explained that anything a patient tells him is listed in the patient care report. At trial, Mr. Duylea failed to identify petitioner as the person he treated on October 9, 2018. Although Mr. Duylea could not identify petitioner as the person he treated on October 9, 2018, he confirmed that the driver he treated provided the name of Joshua Cupp and a social security number and birthdate. Mr. Dulyea testified that, according to his patient care report, petitioner admitted to striking the pick-up truck. Mr. Dulyea went on to note that he did not treat anyone else from petitioner's vehicle. Mr. Dulyea indicated that, upon completion of the patient care report, he and petitioner signed the report evidencing that everything therein was accurate. The patient care report presented at trial also listed the patient as petitioner and provided his correct date of birth and social security number.

In addition to witnesses, the State introduced a copy of petitioner's driving history, which showed that petitioner's license was originally suspended on May 1, 2015. The State also provided a copy of a magistrate court case disposition form showing that petitioner was convicted of DUI. The circuit court admitted the document into evidence over petitioner's objection. The State further introduced a judgment order where petitioner was convicted for driving on a suspended license for DUI on May 3, 2016. This document was also admitted into evidence. Finally, the State introduced another conviction for driving on a revoked license for DUI occurring on May 25, 2016. Over petitioner's objection, the circuit court admitted the conviction document. After presenting its witnesses and evidence, the State rested. Petitioner then moved for a judgment of acquittal, which the circuit court denied.

After the State rested, petitioner testified in his own defense. Petitioner testified that he was denied his right to counsel in one of his convictions for DUI by the magistrate court. The State responded that petitioner's guilty plea form in magistrate court in that case was marked by petitioner, waiving his right to counsel. Accordingly, the circuit court precluded any further argument related to petitioner's right to counsel concerning that conviction. On cross-examination, petitioner confirmed the last four digits of his social security number and birthdate—matching the information in the patient care report from the hospital. After his testimony, petitioner placed complaints about his trial counsel on the record. In response, the circuit court stated that petitioner's trial counsel was a "fairly thorough defense counsel."

The jury returned a verdict of guilty on both counts of the indictment. The circuit court entered a sentencing order on October 6, 2020, sentencing petitioner to two indeterminate sentences of one to three years, to run consecutively, and a fine of $6,000. It is from this order that petitioner appeals.

We have previously held as follows:

3

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000).

On appeal, petitioner first argues that he was not properly identified as the driver of the vehicle involved in the October 9, 2018, vehicle accident that was the subject of count two of the indictment. Petitioner contends that the State failed to present any witnesses at trial that could properly identify him as the driver of the vehicle. Specifically, petitioner asserts that the officer testifying at trial never saw him at the scene of the accident and that he was already in the hospital before law enforcement arrived. Further, petitioner argues that no hospital staff, including the EMT who testified, could identify him as the driver. Accordingly, petitioner argues that his request for judgment of acquittal should have been granted. Finally, petitioner argues that proper identification in open court is required to demonstrate a prima facie case before a jury. We find petitioner's arguments to be without merit.

This Court has held that

[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Additionally, we held that

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

*Id*. at 663, 461 S.E.2d at 169, Syl. Pt. 3. To be convicted of driving on a revoked license for DUI, third offense, the State had to prove beyond a reasonable doubt that petitioner drove "a motor

4

vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully revoked for driving under the influence of alcohol." W.Va. Code § 17B-4-3(b).

Upon our review of the trial evidence, there was sufficient, albeit circumstantial, evidence that petitioner was driving at the time of the accident. While Deputy Butcher did not witness petitioner at the scene of the accident, he testified that he was told petitioner's name as the driver, that he was a white male, and that he had several tattoos. Based on this information, Deputy Butcher explained at trial that he located a picture of petitioner from social media. Deputy Butcher also testified that the attending nurse advised that the picture was of the individual who left the hospital. Although the EMT could not identify petitioner as the person he treated on October 9, 2018, he confirmed that the driver he treated provided the name of Joshua Cupp, in addition to petitioner's social security number and birthdate. Further, the EMT testified that petitioner admitted to striking the pick-up truck. The EMT went on to note that he did not treat anyone else from petitioner's vehicle, and the patient care report entered into evidence at trial listed the patient as petitioner and provided his correct birthdate and social security number.

Looking at the evidence in the light most favorable to the State and considering petitioner's burden of proof on appeal, we find that the State presented sufficient evidence upon which a jury could conclude that petitioner drove "a motor vehicle . . . at a time when his or her privilege to do so has been lawfully revoked for driving under the influence of alcohol." While there was no direct evidence that petitioner was driving immediately prior to the October 9, 2018 incident, the circumstantial evidence was sufficient to establish he was driving on a revoked license for DUI, third offense. As noted above, "a jury verdict should be set aside *only when the record contains no evidence*, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Guthrie*, 194 W. Va. 663, 461 S.E.2d 169, Syl. Pt. 3, in part (emphasis added). Given the evidence detailed above, we find no merit to petitioner's claims regarding the sufficiency of the evidence.

Next, petitioner argues that there "was an issue with regard to right to counsel during one of the previous convictions." Specifically, petitioner argues that the circuit court did not allow his counsel to develop an argument before the jury or allow him to testify about his access to counsel during his previous case. As such, petitioner argues that a "collateral attack on the previous conviction should have been allowed."

We begin by observing that, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires a petitioner's argument to "contain appropriate and specific citations to the record on appeal," petitioner does not support this assignment of error with appropriate and specific citations to the record. This Court "may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Specifically, petitioner fails to identify where in the record he sought to attack his prior conviction or how the court otherwise "curtailed argument on the subject." In addition to failing to specifically identify these alleged errors in the appendix record, petitioner has failed to "includ[e] citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." We find petitioner's cursory mention of an attack on his prior convictions insufficient to raise this issue on appeal given the lack of citations to the record demonstrating how he was harmed or prejudiced in this matter. Accordingly, we decline to review the issue pursuant to Rule 10(c)(7).

Next, petitioner argues that the prosecution's demonstration of prior convictions became a feature of the trial. As such, petitioner contends that it became an improper character attack in violation of West Virginia Rules of Evidence 404(a) and (b). Specifically, petitioner argues that the State "focused on the prior conviction[, which was an] improper use of prior bad acts."

At the outset, it is important to note that petitioner fails to include any citation to the record to demonstrate where this issue was raised below. Not only has petitioner failed to demonstrate that he objected to the evidence in question, but his failure to include citations to the record leave this Court questioning whether Rule 404 was even invoked at trial. As noted above, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires a petitioner's argument to "contain appropriate and specific citations to the record on appeal." This Court "may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Additionally, "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted). Consistent with this authority, we decline to consider this argument.

Finally, petitioner asserts that he was denied the effective assistance of counsel. He is critical of his counsel below, arguing that he was not provided discovery in a timely manner, that his trial counsel failed to secure requested witnesses, and that his counsel engaged in limited to no cross-examination of the State's witnesses. Petitioner also made these arguments to the circuit court during the trial.

As this Court has found,

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992). We have also explained that "the preferred way of raising ineffective assistance of . . . counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below." *Watts v. Ballard*, 238 W. Va. 730, 735-36 n.7, 798 S.E.2d 856, 861-62 n.7 (2017) (internal quotations and citation omitted). Consequently, "we decline to address an alleged ineffective assistance of counsel claim in this direct appeal. The record has not been developed on this issue. This is an issue that must be developed in a habeas corpus proceeding." *State v. Richardson*, 240 W. Va. 310, 319-20 n.13, 811 S.E.2d 260, 269-70 n.13 (2018).

For the foregoing reasons, we affirm the circuit court's October 6, 2020, sentencing order.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

7