315 S.E.2d 643

**STATE of West Virginia ex rel. Garland W. HARLESS**

v.

**Donald E. BORDENKIRCHER, Supt., West Virginia Penitentiary.**

No. 15986.

Supreme Court of Appeals of West Virginia.

May 9, 1984.

George D. Beter, Huntington, for appellant.

J. Bradley Russell, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

The appellant, Garland W. Harless, was convicted of aggravated robbery by a jury

in the Circuit Court of Cabell County and was sentenced to a term of one hundred and twenty years in the state penitentiary. He originally filed a petition for a writ of habeas corpus in this Court challenging the length of his sentence and the failure of the circuit court to provide him with a copy of the trial proceedings for purposes of an appeal. The Court issued the writ of habeas corpus on September 20, 1983 and further directed counsel for Mr. Harless to obtain a transcript of his trial and prepare a supplemental petition and brief arguing possible error in the trial as though the same were an appeal. Counsel for Mr. Harless, in accordance with our directions, obtained a transcript and made assignments of error one of which again challenged the length of the appellant's sentence. There remaining no unique issues in the habeas corpus petition, that proceeding is therefore merged with the present appeal and the entire matter will be treated in this opinion as an appeal.

In the early morning hours of April 13, 1981, the appellant and his brother, William Harless, robbed a Huntington club known as the Driftwood Lounge. Although both men carried guns no one was shot during the robbery. However, the State's evidence at trial did show that the appellant fired five warning shots into the ceiling and that at least three persons in the bar were physically assaulted during the robbery.

Willard Deal, Jr., the bartender at the Driftwood, testified that one of the robbers hit him in the head with a gun when he denied carrying a wallet. Golden Webb, one of the owners of the Driftwood, testified that the robbers instructed everyone in the establishment to get on the floor. Mr. Webb testified that he complied but later

he "raised back up a little bit and they come back and kicked me in the head and shot in the ceiling five hits."

The third person to testify that he was injured during the robbery was Steven Dedman, a patron. Mr. Dedman was entering the bar when the robbers came running out and one of them hit him in the face with the broken butt of a shotgun. The evidence at trial showed that William Harless was carrying the shotgun and the appellant had a handgun.

The appellant was tried and convicted on one count of aggravated robbery. His brother, William Harless, was also convicted of aggravated robbery in a separate trial. Each received a sentence of one hundred and twenty years.[1] In this appeal the claimant contends that his sentence is excessive and constitutes cruel and unusual punishment.[2]

In *State v. Houston*, 166 W.Va. 202, 273 S.E.2d 375 (1980), we found that under Section 5, Article III, of the *West Virginia Constitution*, there is the requirement that penalties be proportionate to the character and degree of the offense. As stated in Syllabus Point 1:

"Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980).

*Accord: State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983); *State v. Buck*, 170 W.Va. 428, 294 S.E.2d 281 (1982).

In *Houston*, we held that in instances such as aggravated robbery where a judge

---

1. The record indicates that the robbery of the Driftwood Lounge took place while the appellant was free on an appeal bond from a prior robbery. In its sentencing order the court provided that the appellant's one hundred and twenty year sentence was to run consecutively to the ten year sentence he received for the previous aggravated robbery conviction.

2. Appellant also assigns as error the admission of the shotgun carried by William Harless dur-

ing the robbery on the grounds that: (1) the shotgun was admitted without a proper evidentiary foundation and wrongfully placed the appellant's character in issue; and (2) introduction of the shotgun constituted substantial variance with the essential elements of the indictment and constituted surprise. We find these assignments to be sufficiently without merit not to be fairly raised.

has broad leeway to set a determinate sentence and there is no statutory maximum limit, a sentencing record must be made in order to determine the appropriateness of the sentence given. We remanded that case for the development of an appropriate sentencing record. We have done the same in several other cases before this Court, e.g., *State v. Buck, supra; State v. Winston,* 170 W.Va. 555, 295 S.E.2d 46 (1982); *Smoot v. McKenzie,* 166 W.Va. 790, 277 S.E.2d 624 (1981).

An appropriate sentencing record necessarily includes any presentence report prepared on a defendant.[3] If a presentence report is not used by the court as an aid in setting sentence the court must comply with Rule 32(c)(1) of the *West Virginia Rules of Criminal Procedure* which provides in part:

"The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation *unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record."* [Emphasis Added]

In the case before us the trial judge dispensed with the presentence report. His rationale for doing so was that he had had previous encounters with the appellant and was familiar with him and had knowledge of the appellant's background. Based on that knowledge, the judge imposed the one hundred and twenty year sentence. In so doing, he did not detail in the record the factors upon which he relied in setting such a lengthy sentence.

Rule 32 specifically provides that a court may dispense with the presentence report when there is *"in the record* information sufficient to enable the meaningful exercise of sentencing discretion ...." In cases such as the one before us where the trial court is familiar with the defendant, it may be that the court has personal knowledge about much of the information that would be included in a presentence report and indeed, does not require a report as a sentencing aid. However, this being the case, Rule 32 requires that that information be put in the record. In *Houston* we recognized that a meaningful appellate review must, to a large degree, be predicated on a sentencing record. When a court dispenses with the presentence report because he is familiar with the defendant, but does not articulate the knowledge behind that familiarity on the record, appellate review becomes meaningless. This is particularly true in a case such as this where such a lengthy sentence is imposed and it is important that appellate review be adequate.

While we are not of the view that the trial judge erred in dispensing with the presentence report under Rule 32 and in relying on his own knowledge of the appellant's background in imposing sentence, we believe the judge should have articulated that knowledge on the record in order to provide the opportunity for a meaningful appellate review.

For the above reasons, the case is remanded for development of an appropriate sentencing record.

Reversed with Directions.

---

**3.** *See, State v. Houston,* 166 W.Va. 202, 273 S.E.2d 375 (1980), *citing, People v. Adkins,* 41 Ill.2d 297, 242 N.E.2d 258 (1968) and Approved Draft of A.B.A. *Standards Relating to Appellate Review of Sentences,* Section 2.3 [1968]. *Also See, W.Va.Code,* 62–12–7 [1939].