406 S.E.2d 717

STATE of West Virginia, Plaintiff
Below, Appellee,

v.

Larry CASKEY, Defendant
Below, Appellant.

STATE of West Virginia, Plaintiff
Below, Appellee,

v.

Sandra CASKEY, Defendant
Below, Appellant.

No. 20018.

Supreme Court of Appeals of
West Virginia.

Submitted May 15, 1991.

Decided June 27, 1991.

John Warren Stapleton, Stapleton & Stapleton, Huntington, for appellants.

Joanna Tabit, Sr. Asst. Atty. Gen., Charleston, for appellee.

BROTHERTON, Justice:

On August 30, 1990, the appellants, Larry and Sandra Caskey, were arrested and charged with four counts of neglecting their four infant children: Mike, age 5; Janice, age 4; Ashley, age 3; and Larry, Jr., age 1.[1] The appellants were arraigned on August 31, 1990, and counsel was appointed for them. A trial in magistrate court was set for September 7, 1990.

The record in this case describes how the appellants' four children were discovered lying in the street in front of their house, which is located in a Huntington, West Virginia, neighborhood known for heavy drug-trafficking. Police officers determined that the children had not eaten that day and wore diapers which needed to be changed. They stated that the children were "extremely dirty with human waste on their body." When the police went to serve arrest warrants upon the appellants, they found them both asleep despite the late afternoon hour. The appellants did not know where their children were, and police officers described the home as "unlivable," noting that it was littered with dog excrement.

Prior to trial, the appellants entered into a plea agreement with the State. Under its terms, the appellants agreed to plead guilty to four counts of misdemeanor child neglect, with the understanding that the State would recommend that the appellants be sentenced to four one-year sentences to be served concurrently in the county jail.

This plea was consummated in the magistrate court and the defendants were sentenced to four one-year sentences to be served concurrently in the county jail. The appellants then filed a motion for probation in the circuit court.

■ The initial procedural question involves how a petition for probation should be handled where there is a guilty plea or a person is found guilty in magistrate court. There is no question that West Virginia Code § 62–12–2(a) (1989) permits eligibility for probation where the defendant is found guilty or pleads to any misdemeanor.[2] Moreover, West Virginia Code § 62–12–4 authorizes the filing of a written petition for probation from the magistrate court "with the court of record to which an appeal would lie."[3] This section, however,

---

1. West Virginia Code § 49–7–7 (1986) provides, in pertinent part, that:

   A person who by any act or omission contributes to ... or tends to cause the ... neglect of any child ... shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty nor more than five hundred dollars, or imprisoned in the county jail for a period not exceeding one year, or both fined and imprisoned.

2. West Virginia Code § 62–12–2(a) (1989) provides, in part, that "all persons who are found guilty of or plead guilty to any misdemeanor, shall be eligible for probation...."

3. West Virginia Code § 62–12–4 (1943) provides:

   Whenever any person is found guilty of, or pleads guilty to, a crime in a court which is not a court of record, he may, at any time thereafter, file with the court of record to which an appeal would lie, or with the judge thereof in vacation, his petition in writing, together with a transcript of the docket of the court in which he was convicted, requesting that he be placed on probation. Upon the filing of such petition and transcript, said court of record or the judge thereof, shall have power to suspend the execution of the sentence of the lower court and to release the

does not spell out in any detail how the petition for probation should be handled at the circuit court level. This section does state that "a transcript of the court in which he was convicted" should be filed with the petition.

■ In *State v. Kerns*, 183 W.Va. 130, 394 S.E.2d 532 (1990), we recognized that West Virginia Code § 62–12–4 was available not only for a request for probation, but could also be used for sentencing alternatives, as indicated in syllabus points 2 and 4:

> 2. A circuit court has the authority under *W.Va.Code*, 62–12–4 [1943] to apply the work release provisions of *W.Va. Code*, 62–11A–1 [1988] in lieu of a sentence of ordinary confinement imposed by a magistrate court in a misdemeanor case.
>
> *        *        *        *        *        *
>
> 4. A circuit court has the authority under *W.Va.Code*, 62–12–4 [1943] to order electronically monitored home confinement, in a county having the equipment therefor, in lieu of incarceration imposed by a magistrate court in a misdemeanor case.[4]

■ Implicit in any request for probation is the fact that the defendant must give some reasons why the court should grant probation or an alternative sentence. Such facts should be set out in the petition. Moreover, the State through its prosecuting attorney should have the right to respond to the petition. In order for this to be done, a copy of the petition should be served on the prosecuting attorney.

The prosecuting attorney should file a written response as to whether probation or an alternative sentence should be granted. The response shall state any facts that are deemed relevant and should set out or include a copy of the defendant's prior criminal record. A copy of the response should be served on the defendant's counsel.[5]

The circuit court upon a review of the petition and the response may make an initial determination that the record is sufficient to determine that the defendant is either eligible or is not eligible for probation.[6] As an alternative, the circuit court, if it determines that the petition for probation has some merit, may refer the matter to a probation officer for further investigation and then set the matter for a final hearing. Where this latter course of action is taken, the circuit court shall follow the applicable provisions of Rule 32(c) of the Rules of Criminal Procedure.

Thus, in summary, a defendant who is convicted or pleads guilty in a magistrate court may request probation by filing a written petition in the circuit court. The State shall be served with a copy of the petition and shall have the right to file a response. The circuit court may grant or deny probation based on the matters contained in the petition and response or may refer the matter for a presentencing investigation in which event the applicable provisions of Rule 32(c) of the West Virginia Rules of Criminal Procedure shall apply.

In this case, the circuit court did not have the benefit of these guidelines. It set a hearing on the appellants' motion for pro-

---

petitioner on probation upon such conditions as to said court or judge may seem fitting.

**4.** Of course, these sentencing alternatives are not available for misdemeanor offenses which carry mandatory jail sentences, such as driving while license is suspended or revoked for driving under the influence of alcohol. W.Va.Code § 17B–4–3(b) (1991).

**5.** The circuit court is authorized under West Virginia Code § 62–12–4 to stay execution of the sentence pending a determination of the probation or alternative sentence issue.

Also, effective August 1, 1991, Rule 21 of the Rules of Criminal Procedure for the Magistrate

Courts of West Virginia will provide as follows: "Upon request by the defendant, the execution of a criminal judgment shall be stayed to allow for the filing of … a petition for modification of sentence. Upon timely filing of a … petition, the execution of a criminal judgment shall be stayed until the same has been decided."

**6.** Rule 32(c)(1) of the Rules of Criminal Procedure states that a presentence investigation may be dispensed with if "the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record."

bation on October 5, 1990. By order dated October 23, 1990, the circuit court denied the appellants' motion for a presentence report, as well as their motion for probation, and they were remanded to the custody of the Cabell County sheriff.[7]

■ In this case, the appellants argue that the trial court erred in denying their motion for a presentence report before denying their motion for probation. We do not require that a presentence report is mandatory where there is a petition for probation filed under West Virginia Code § 62–12–4. In this case, the procedures outlined were not available. The key question is only whether the trial court's denial of the motion was proper because there was sufficient information before the court to permit a proper disposition of the case without directing the preparation of a presentence report.

The appellants rely on *State ex rel. Harless v. Bordenkircher,* 173 W.Va. 384, 315 S.E.2d 643 (1984), in which we recognized that whether a presentence report is necessary as an aid in setting sentence is discretionary with the trial court. "[W]here the trial court is familiar with the defendant, it may be that the court has personal knowledge about much of the information that would be included in a presentence report and indeed, does not require a report as a sentencing aid." *Id.,* 173 W.Va. at 386, 315 S.E.2d at 645.[8] We found no error in the trial judge's decision to dispense with a presentence report in *Harless* and rely on his own knowledge of the defendant's background when imposing sentence. However, we remanded the case for development of an appropriate sentencing record, noting that "the judge should have articulated that knowledge on the record in order to provide the opportunity for a meaningful appellate review." *Id.* As we pointed out earlier, where the judge believes he has enough record information to act on the

petition filed under West Virginia Code § 62–12–4, there is no necessity to refer the matter to a probation officer.

■ The appellants herein complain that they "are spending a year in jail not for what they did, but for what they failed to do." This Court would like to remind the appellants that "what they failed to do" was to take care of four very young children who were unable to take care of themselves. Moreover, the one year sentences the appellants received in this case as a result of a plea agreement pale in comparison to the one hundred and twenty year term the defendant in *Harless* received for aggravated robbery without the benefit of a presentence report. The appellants argue that the sentencing judge had no prior knowledge of them and was only briefly acquainted with the facts and circumstances surrounding the incident giving rise to the charges in this case. However, we conclude that what the trial court did know about the appellants more than justified the trial court's denial of their petition for probation.

The trial court had before it pictures of the appellant's neglected children covered with their own excrement, as well as pictures depicting living conditions in the appellants' home. According to the State, "[t]he photographs speak for themselves." Significantly, the court was also aware of the fact that the appellants were first-time offenders. The State argues that "the appellants have failed to demonstrate that a presentence report would yield any new information that would change the trial court's mind. Furthermore, a reasonable reading of the record indicates that no new information would be forthcoming." We note as well that the appellants were permitted to make statements on their own behalf before the trial court ruled on their motions.

7. By letter dated May 15, 1991, the attorney general's office informed this Court that on May 14, 1991, a Cabell County magistrate issued arrest warrants for the appellants for receiving forty thousand dollars worth of stolen property belonging to Chapel Hill Corporation, in violation of W.Va.Code § 61–3–18.

8. *Harless* was decided under Rule 32(c) of the West Virginia Rules of Criminal Procedure. *See* note 6, *supra,* for applicable language.

For the foregoing reasons, we conclude that there was sufficient information in the record to warrant the trial court's exercise of its sentencing discretion and its decision to dispense with a presentence report. Therefore, the October 23, 1990, order of the Circuit Court of Cabell County is affirmed.

Affirmed.