427 S.E.2d 751

**STATE of West Virginia ex rel. Jeffrey B. REED, Prosecuting Attorney for Wood County, Petitioner,**

v.

**Honorable Daniel B. DOUGLASS, Judge of the Circuit Court of Wood County, and Dean Ray Buckley, Respondents.**

No. 21520.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 12, 1993.

Decided Feb. 16, 1993.

Teresa A. Tarr, Asst. Pros. Atty., Parkersburg, WV, for petitioner.

Orville L. Hardman, Parkersburg, WV, for respondent, Dean Ray Buckley.

MILLER, Justice:

In this original proceeding in prohibition, Jeffrey B. Reed, Prosecuting Attorney for Wood County,[1] asks us to prohibit the Honorable Daniel B. Douglass, Judge of the Circuit Court of Wood County, from providing an early termination to the probation of Dean Ray Buckley without first holding a hearing. This case presents a question of first impression as to whether a prosecuting attorney is entitled to notice and an opportunity to be heard when a probationer seeks to have the terms of his probation advantageously modified.

Mr. Buckley was convicted in 1986 of two counts of first degree sexual assault and sentenced to concurrent terms of 15–to–25 years in the penitentiary. His appeal was refused by this Court. In 1988, Mr. Buckley filed a motion for reconsideration of probation and sentence. Judge Douglass granted the motion, placing Mr. Buckley on probation for five years. The terms of his probation included six months of incarceration, a thirty-day release to allow him to

---

1. The prosecuting attorney at the time of our granting of the rule to show cause was Jeffrey B. Reed. On January 1, 1993, Mr. Reed took office as circuit judge. We continue the case in his name although he did not argue the case. The use of a writ of prohibition has not been challenged in this case. *See State v. Lewis,* 188 W.Va. 85, 422 S.E.2d 807 (1992).

obtain employment, followed by an additional six-month period of incarceration with work release. In addition, he was to be subject to the usual prohibitions against criminal activity, alcohol use, etc. His probation period was scheduled to expire in June 1993.

In November, 1992, Mr. Buckley, through counsel, filed a motion for early release from probation. A copy of the motion was served on the prosecuting attorney, indicating that a hearing was set for December 11, 1992. In advance of the hearing and, apparently, without further notice to the prosecuting attorney, Judge Douglass entered an order which released Mr. Buckley from probation effective December 31, 1992. The prosecuting attorney was unaware of this action until he was advised of the entry of the order and the cancellation of the hearing. He objected to the court and requested the right to be heard. When this request was denied, the prosecutor brought this original writ of prohibition. On December 16, 1992, we issued a rule to show cause why a hearing should not be granted and stayed execution of the underlying order.

Under Rule 32.1(b) of the West Virginia Rules of Criminal Procedure, a circuit court is empowered to modify probation. If the modification is not favorable to the defendant, a hearing must be provided, as well as assistance of counsel to the defendant.[2]

There is no similar language in Rule 32.1(b) regarding notice to the prosecuting attorney.[3]

However, under Rule 49(a) of the West Virginia Rules of Criminal Procedure, the parties in a criminal proceeding are required to serve written motions on each other.[4] Under Rule 32(a)(1) of the West Virginia Rules of Criminal Procedure, when sentencing is initially considered by the court, "[t]he attorney for the state shall have an equivalent opportunity [as the defendant and counsel] to speak to the court." [5]

■ Moreover, Rule 32(c)(3)(C) of the West Virginia Rules of Criminal Procedure, which relates to the presentence investigation and report to the court, provides that any material in the report "which [is] disclosed to the defendant and his counsel shall be disclosed to the attorney for the state." As we indicated in *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990), in the absence of a plea bargain agreement regarding the recommended sentence, a prosecutor is entitled to express his or her views with regard to the sentence and probation.

In the past we have often been required to formulate additional procedural guidelines where a statute or administrative rule is unclear. Recently, in *State v. Caskey,*

---

2. Rule 32.1(b) of the Rules of Criminal Procedure provides:

   "*Modification of Probation.* A hearing and assistance of counsel are required before the terms or conditions of probation can be modified, unless the relief granted to the probationer upon his request or the court's own motion is favorable to him."

3. In this respect, our Rule 32.1(b) differs from Rule 32.1(b) of the Federal Rules of Criminal Procedure, which provides:

   "**Modification of Probation or Supervised Release.** A hearing and assistance of counsel are required before the terms or conditions of probation or supervised release can be modified, unless the relief to be granted to the person on probation or supervised release upon the person's request or the court's own motion is favorable to the person, and *the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected.*

An extension of the term of probation or supervised release is not favorable to the person for the purposes of this rule." (Emphasis added).

We have pointed out in a number of our cases that our Rules of Criminal Procedure are patterned after the Federal Rules. *State v. Watson,* 173 W.Va. 553, 318 S.E.2d 603 (1984); *State v. Harlow,* 176 W.Va. 559, 346 S.E.2d 350 (1986); *State v. Adkins,* 176 W.Va. 613, 346 S.E.2d 762 (1986). The language emphasized above in Federal Rule 32.1(b) *was adopted in 1986 after we initially adopted our Rules of Criminal Procedure in 1981.*

4. Rule 49(a) of the West Virginia Rules of Criminal Procedure provides: "*Service: When Required.* Written motions other than those which are heard ex parte, written notices, designations of record on appeal, and similar papers shall be served upon each of the parties."

5. *See* note 7, *infra.*

185 W.Va. 286, 406 S.E.2d 717 (1991), we recognized that while W.Va.Code, 62–12–4 (1943), authorized a defendant convicted of a misdemeanor in magistrate court to seek probation in the circuit court,[6] this section contained no procedural guidelines. Consequently, we established procedures which we summarized in Syllabus Point 4 of *Caskey*:

> "A defendant who is convicted or pleads guilty in a magistrate court may request probation by filing a written petition in the circuit court. The State shall be served with a copy of the petition and shall have the right to file a response. The circuit court may grant or deny probation based on the matters contained in the petition and response and may refer the matter for a presentencing investigation in which event the applicable provisions of Rule 32(c) of the West Virginia Rules of Criminal Procedure shall apply."

*See also State ex rel. Watson v. Ferguson*, 166 W.Va. 337, 274 S.E.2d 440 (1980); *State v. Byrd*, 163 W.Va. 248, 256 S.E.2d 323 (1979); *State v. Bolling*, 162 W.Va. 103, 246 S.E.2d 631 (1978).

*Caskey* is also applicable here because it recognized the right of the prosecuting attorney to have some input into the probation question. The prosecuting attorney representing the State and, as a consequence, the victim, in criminal matters has a legitimate role to play in probation considerations. Ultimately, of course, the decision rests with the court, but its decision should consider the input of the parties, as well as the probation office.

Our practice of eliminating procedural gaps is not unique. Recently, the United States Supreme Court in *Burns v. United States*, 501 U.S. ——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), eliminated such a gap in the Federal Sentencing Guidelines, 18 U.S.C. § 3553(b) (1988). This provision allowed a sentencing judge to consider aggravating or mitigating circumstances when imposing a sentence. The particular issue was whether a judge could, *ex parte*, enhance the sentence above the Guidelines' range. The Court analogized the provisions of Rule 32 of the Federal Rules of Criminal Procedure:

> "As we have set forth, Rule 32 contemplates full adversary testing of the issues relevant to a Guidelines sentence and mandates that the parties be given 'an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence.' Fed.Rule Crim.Proc. 32(a)(1)."

501 U.S. at ——, 111 S.Ct. at 2186, 115 L.Ed.2d at 131.[7]

The court concluded that such an enhancement could not be made without giving reasonable advance notice to the parties.

■ Under the provisions of the West Virginia Rules of Criminal Procedure, we conclude that Rule 49(a), which requires notice to be served on the other party, Rule 32(c)(3)(C), which grants to the prosecuting

---

**6.** W.Va.Code, 62–12–4, provides:

"Whenever any person is found guilty of, or pleads guilty to, a crime in a court which is not a court of record, he may, at any time thereafter, file with the court of record to which an appeal would lie, or with the judge thereof in vacation, his petition in writing, together with a transcript of the docket of the court in which he was convicted, requesting that he be placed on probation. Upon the filing of such petition and transcript, said court of record or the judge thereof, shall have power to suspend the execution of the sentence of the lower court and to release the petitioner on probation upon such conditions as to said court or judge may seem fitting."

**7.** A similar provision is contained in Rule 32(a)(1) of the West Virginia Rules of Criminal Procedure:

"Imposition of Sentence.—Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

"(A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B);

"(B) afford counsel an opportunity to speak on behalf of the defendant; and

"(C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

The attorney for the state shall have an equivalent opportunity to speak to the court."

attorney the right to review presentence information, and Rule 32(a)(1), which grants to the prosecuting attorney the right to address the court regarding sentencing, carry the implied right on the part of the prosecuting attorney to be heard where a defendant seeks a favorable modification of the terms of probation. This interpretation is consistent with our decision in *Caskey.*

Consequently, we hold that when a defendant moves to obtain a favorable modification of the terms of probation under Rule 32.1(b) of the West Virginia Rules of Criminal Procedure, the prosecuting attorney is entitled to reasonable notice of the motion for modification and an opportunity to be heard.

■ The respondent judge's failure to accord an opportunity to the prosecuting attorney to be heard and entry of the order without a hearing were acts beyond his legitimate powers and are, therefore, subject to prohibition. As we held in Syllabus Point 4 of *Pries v. Watt,* 186 W.Va. 49, 410 S.E.2d 285 (1991):

> " 'A writ of prohibition will lie where the trial court does not have jurisdiction or, having jurisdiction, exceeds its legitimate powers.' Syllabus Point 3, *State ex rel. McCartney v. Nuzum,* 161 W.Va. 740, 248 S.E.2d 318 (1978)."

*See also Hechler v. Casey,* 175 W.Va. 434, 333 S.E.2d 799 (1985); *State ex rel. Arnold v. Egnor,* 166 W.Va. 411, 275 S.E.2d 15 (1981).

For the foregoing reasons, a writ of prohibition is granted.

Writ granted.