IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 14, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

January 2023 Term

_____

No. 21-0796

_____

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

V.

CHRISTOPHER MCDONALD,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Nicholas County
The Honorable Stephen O. Callaghan, Judge
Criminal Action No. 20-F-56

VACATED AND REMANDED

_____

Submitted: February 7, 2023
Filed: April 14, 2023

Jason T. Gain, Esq.
Losh Mountain Legal Services
Anmore, West Virginia
Attorney for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Andrea Nease Proper, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

## SYLLABUS BY THE COURT

1.     "This Court's application of the plain error rule in a criminal prosecution is not dependent upon a defendant asking the Court to invoke the rule. We may, sua sponte, in the interest of justice, notice plain error." Syllabus point 1, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998).

2.     "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syllabus point 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

3.     "The West Virginia Rules of Criminal Procedure are the paramount authority controlling criminal proceedings before the circuit courts of this jurisdiction[.]" Syllabus point 5, in part, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

4.     West Virginia Rule of Criminal Procedure 32(b)(1) requires that the sentencing court receive and consider a presentence report before sentencing unless all conditions in (A), (B), and (C) are met. To the extent that Syllabus point 3 of *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000), indicates otherwise, it is hereby overruled.

**BUNN, Justice:**

Petitioner Christopher McDonald appeals the Circuit Court of Nicholas County's September 24, 2021 order resentencing him to eighty years of incarceration following his conviction for first-degree robbery, in violation of West Virginia Code § 61-2-12.[1] While Mr. McDonald raises two issues on appeal—that the sentence was disproportionate to his crime and that the circuit court failed to make particularized findings to justify the sentence—we need not reach the merits of his claims. Instead, we find that the sentencing court plainly erred by failing to follow West Virginia Rule of Criminal Procedure 32(b)(1) when sentencing Mr. McDonald. We vacate the sentencing order and remand the case for resentencing pursuant to the directives set forth herein.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In February 2020, Mr. McDonald entered a Subway restaurant in Nicholas County, West Virginia; instructed the cashier to give him the money in the register; and showed the cashier a gun.[2] The cashier gave Mr. McDonald $183.00. Mr. McDonald left

---

[1] The circuit court originally sentenced Mr. McDonald on December 7, 2020; he was resentenced for purposes of appeal.

[2] Mr. McDonald asserts that he showed the cashier a BB gun. He does not challenge his conviction. Still, we have upheld convictions for aggravated robbery, the predecessor to first-degree robbery, when the defendant used an air pistol that only shot pellets. *See State v. Phillips*, 199 W. Va. 507, 512, 485 S.E.2d 676, 681 (1997) (per curiam) ("[T]he presence of a firearm is not required for a conviction of aggravated robbery. It is sufficient that the robber threatened the use of a firearm and that the victims reasonably believed that he had possession of a firearm.").

the Subway, got into a vehicle with two other people, and they drove away. Law enforcement ultimately arrested the three people, including Mr. McDonald, in Arkansas.

In June 2020, a Nicholas County grand jury indicted Mr. McDonald and his two codefendants with one count of conspiracy to commit robbery and one count of first-degree robbery. Mr. McDonald agreed to plead guilty to first-degree robbery in exchange for dismissal of the conspiracy charge. At the plea hearing, Mr. McDonald waived the presentence report. Still, the circuit court ordered that a presentence report be completed two weeks before the sentencing hearing.

The probation department filed a one-page document recommending an eighty-year sentence.[3] Mr. McDonald filed objections to the document along with a sentencing memorandum. The memorandum acknowledged that Mr. McDonald waived a presentence investigation and observed that the document "failed to provide any supporting

---

[3] The document also included Mr. McDonald's name and his birthdate. It contained limited information about his purported criminal history, including that he had a prior felony from New York, but included no date or description of the crime other than the term "felony assault." The report noted that "[c]harges should be coming soon" for other conduct in Pennsylvania but provided no details or accompanying reports, just an assertion that Mr. McDonald "robbed a place" and committed "the exact crime the night before" but with "better video." The document explained that the eighty-year sentencing recommendation for a "fair sentence" followed the probation officer's conversation with a West Virginia State Trooper.

 The State later explained at the sentencing hearing that the probation department filed the document; the document did not indicate that the probation department created it.

data, evidence of convictions, counties/charges/case numbers or any other meaningful information . . . upon which . . . [the circuit c]ourt could base its sentence." Mr. McDonald also argued that, "[t]o date, the State has offered no meaningful evidence to support a sentence of [e]ighty (80) [y]ears."

At the sentencing hearing on December 7, 2020, the circuit court noted that while at the plea hearing Mr. McDonald sought to proceed directly to sentencing, the court "wanted to delay sentencing so [it] could look at sentencing options and look at some of the underlying circumstances here." The court acknowledged that it had no presentence report, and no parties asserted that the one-page document prepared by the probation office met the requirements of a presentence report. Mr. McDonald objected to the one-page document and asked that the sentencing court not consider it. His attorney remarked on some of Mr. McDonald's personal history, including that he had only a single conviction about eight or nine years prior for a second-degree assault in New York, and requested a ten-year sentence. He also explained that Mr. McDonald had pending Pennsylvania charges related to an incident occurring shortly before the one in Nicholas County.

When the court inquired whether Mr. McDonald wanted to go forward with sentencing, Mr. McDonald stated that he wanted to be sentenced. The circuit court asked Mr. McDonald if he still wished to waive the presentence investigation, which he confirmed. The circuit court then offered to delay the hearing, explaining that it would have

"the probation department conduct a [presentence] investigation, and we'll come back here for sentencing." The court asked Mr. McDonald, "Do you wish to do that?" Again, Mr. McDonald replied, "I'd like to proceed with the sentencing, your Honor."

In his allocution to the court, Mr. McDonald said that he had a very troubled life, and after his mother died, he started using drugs, including methamphetamine and heroin. He apologized for "wasting everybody's time and money." The State then argued that Mr. McDonald participated in a "whirlwind of crime that started in New York, traveled across a couple of states and ended up here, and it didn't stop here." Continuing, the State noted that the coconspirators "went down to Arkansas and committed more crimes on the way." While explaining that the one-page document "came from the probation department" and the chief probation officer, the State was not certain why the probation department did not complete the presentence investigation and conjectured that possibly the defendant did not cooperate. The State concluded by requesting that the court follow the recommendation of the probation officer and impose an eighty-year sentence.

The circuit court remarked that it offered to reschedule the hearing and have the probation department complete a presentence report, but that Mr. McDonald waived it. The court made no findings regarding why the presentence report was not completed. The court stated that it would "proceed with sentencing," then reasoned:

4

And it's a first degree robbery. We go from meth- — methamphetamine, heroin, first degree robbery with the use and presentment of a firearm—[w]hether that was a BB gun or not, doesn't matter to me, and it certainly didn't matter to that store clerk who was standing there scared for her life or his life. It's a very serious charge, and this kind of violent threatening crime that takes place in Nicholas County deserves a stiff sentence, and that's what's going to happen.

While sentencing Mr. McDonald to an eighty-year determinate sentence of imprisonment, the court denied a motion for probation and alternative sentencing[4] because "the crime involved the use and presentment of a firearm" and the "dangerous" and "deliberative" nature of the crime. The court clarified that the sentencing was not based on the victim being afraid, after Mr. McDonald's attorney noted no victim testified, and the court did not receive a victim impact statement. The circuit court made no other findings regarding Mr. McDonald's sentence and concluded the hearing.

On March 26, 2021, Mr. McDonald, with new counsel, filed a motion to reconsider his sentence for a number of reasons, including that no presentence report was completed; that his sentence was longer than it would be if he had been convicted of second-degree murder or first-degree sexual assault; and that his sentence was disproportionate to those received by his codefendants. Mr. McDonald argued that his

---

[4] Mr. McDonald contends that he did not ask for probation; his sentencing memorandum reflects that he sought a ten-year sentence.

codefendants each received indeterminate sentences of one-to-five years and further explained that "counsel is aware that it is this Honorable Court's practice to sentence a defendant to the maximum if they do not participate in a [presentence investigation]." The court denied the motion. On September 23, 2021, the circuit court resentenced Mr. McDonald to enable him to file this appeal, with no objection by the State.

## II.

## STANDARD OF REVIEW

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

## III.

## DISCUSSION

Mr. McDonald asks this Court to find that the sentencing court gave him a disproportionate sentence, in violation of Article III, Section 5 of the West Virginia Constitution, for his first-degree robbery conviction. "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of

6

the offence.'" Syl. pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980). Typically, we limit proportionality reviews to sentences "where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. pt. 4, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). As sentences for first-degree robbery have no maximum, we have previously reviewed them for proportionality. *See, e.g.*, *State v. Gibbs*, 238 W. Va. 646, 659-61, 797 S.E.2d 623, 636-38 (2017) (noting that the Court uses two tests for determining proportionality, subjective and objective). Mr. McDonald also argues that the circuit court erred by failing to make particularized findings to justify his sentence. In this case, we do not need to reach the issue of proportionality or directly address his complaint regarding particularized findings. Instead, we conclude that the sentencing court plainly erred when it failed to follow the procedure set forth in Rule 32(b)(1) of the West Virginia Rules of Criminal Procedure when sentencing Mr. McDonald.

We recognize that Mr. McDonald waived a presentence investigation and report, and he failed to specifically argue a violation of Rule 32(b)(1) on appeal. However, we may examine the circuit court's sentencing procedure using a plain error analysis. "This Court's application of the plain error rule in a criminal prosecution is not dependent upon a defendant asking the Court to invoke the rule. We may, sua sponte, in the interest of justice, notice plain error." Syl. pt. 1, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998). We apply plain error analysis "sparingly and only in those circumstances where substantial rights are affected, or the truth-finding process is substantially impaired, or a

7

miscarriage of justice would otherwise result." Syl. pt. 4, in part, *State v. England*, 180 W. Va. 342, 376 S.E.2d 548 (1988).

We apply a four-pronged test to determine whether plain error occurred. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

### A. An Error Occurred.

"The West Virginia Rules of Criminal Procedure are the paramount authority controlling criminal proceedings before the circuit courts of this jurisdiction[.]" Syl. pt. 5, in part, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999). Subdivision (b) of Rule 32 of the West Virginia Rules of Criminal Procedure, titled "Presentence investigation and report," states that "[t]he probation officer shall make a presentence investigation and submit a presentence report to the sentencing court" before sentencing, unless, as more fully explained below, certain conditions are met. W. Va. R. Crim. P. 32(b)(1). The presentence report "must contain" defendant-specific information, including "the defendant's history and characteristics," criminal history, "occupation, family background, education, habits and associations, mental and physical condition, . . . and any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence, determining the propriety and conditions of release on probation, or

8

determining correctional treatment." W. Va. R. Crim. P. 32(b)(4)(A)-(C). Rule 32(b)(1) governs *when* a presentence report must be prepared and submitted to the circuit court to review before sentencing a defendant, providing:

> (1) When made.—The probation officer shall make a presentence investigation and submit a report to the court before the sentence is imposed, unless:
>
> (A) the defendant waives a presentence investigation and report;
>
> (B) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority; and
>
> (C) the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

While the Rule specifies that, at times, a court may sentence a defendant without a presentence investigation and report, the Court has issued conflicting opinions regarding which conditions in Rule 32(b)(1) trigger this exception to the mandatory presentence investigation and report requirement. *See In re R.S.*, 244 W. Va. 564, 571, 855 S.E.2d 355, 362 (2021) (acknowledging that "shall" and "must" are mandatory terms). In Syllabus point 3 of *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000), this Court interpreted Rule 32(b)(1) to permit the court to sentence a defendant without a presentence investigation and report if *either* the defendant waives the requirement, pursuant to condition (A), *or* the court makes the required findings and explanation, pursuant to conditions (B) and (C). The *Bruffey* Court reasoned that an amendment to Rule 32 removed a previously placed "or" after what would become condition (A) in the current rule and

9

that the amendment was "purely stylistic," explaining that situations exist where sentencing courts may not need a presentence investigation and report, "irrespective of a defendant's wishes." 207 W. Va. at 271, 531 S.E.2d at 336.[5]

However, the next year, in a case where a defendant waived and then withdrew his waiver of a presentence investigation and report, this Court found that *all*

---

[5] We also distinguish the facts in *Bruffey* from the facts presently before this Court, where Mr. McDonald waived the presentence investigation and report. *See State v. Bruffey*, 207 W. Va. 267, 272, 531 S.E.2d 332, 337 (2000). In *Bruffey*, the defendant requested, rather than waived, the presentence investigation and report. *Id.* The circuit court refused to order the presentence investigation and report because it incorrectly concluded that the offense of conviction had a "mandatory" prison sentence. *Id.* After analyzing Rule 32(b)(1) of the West Virginia Rules of Criminal Procedure, this Court reversed and remanded the case "for a determination of whether a presentence investigation and report [were] needed for sentencing in light of the availability of home detention as an alternative to incarceration." 207 W. Va. at 272, 531 S.E.2d at 337. Still, we were left with a syllabus point that appears to apply to the factual scenario presently before the Court, where a defendant waives a presentence investigation and report, yet the circuit court made no specific findings or explanation pursuant to Rule 32(b)(1)(B) and (C). *See* Syl. pt. 3, 207 W. Va. 267, 531 S.E.2d 332.

The analysis in *Bruffey*, which found that an "or" should be read between conditions (A) and (B), relied on *State ex rel. Harless v. Bordenkircher*, 173 W. Va. 384, 315 S.E.2d 643 (1984) (per curiam). The *Bruffey* Court noted that in *Harless*, the Court found that "'[i]n cases . . . where the trial court is familiar with the defendant, it may be that the court has personal knowledge about much of the information that would be included in a presentence report and indeed, does not require a report as a sentencing aid.'" *Bruffey*, 207 W. Va. at 272, 531 S.E.2d at 337 (quoting *Harless*, 173 W. Va. at 386, 315 S.E.2d at 645). The *Harless* Court, however, also reasoned that "[a]n appropriate sentencing record necessarily includes any presentence report prepared on a defendant," and if a court decides not to require a presentence report "because he is familiar with the defendant" yet "does not articulate the knowledge behind that familiarity on the record, appellate review becomes meaningless" especially when "a lengthy sentence is imposed and it is important that appellate review be adequate." *Harless*, 173 W. Va. at 386, 315 S.E.2d at 645 (remanding the case back to the sentencing court).

*three conditions* of Rule 32(b)(1) must be satisfied for a court to sentence a defendant without a presentence investigation and report. *See State v. Brown*, 210 W. Va. 14, 28, 552 S.E.2d 390, 404 (2001) (per curiam) ("It is undisputed that a presentence report is mandatory under Rule 32 unless the three factors listed in (A), (B), and (C) are all present."). We found that conditions (B) and (C) were met in *Brown* because "the trial court found that the evidence adduced at the bifurcated hearing enabled it to meaningfully exercise its sentencing authority and explained this on the record . . . ." 210 W. Va. at 28, 552 S.E.2d at 404. Still, because the defendant did not waive the presentence investigation and report, the Court found that the absence of condition (A) constituted plain error that resulted in prejudice to the defendant. *Id.* The Court reasoned that the defendant's consecutive, rather than concurrent, life sentences produced a fifteen-year difference in parole eligibility, and "a presentence investigation and report could result in a significant change in the defendant's sentence." *Id.* While *Brown* modified this Court's interpretation of Rule 32(b)(1), it failed to recognize the holding—and syllabus point—in *Bruffey*. *See Brown*, 210 W. Va. at 28, 552 S.E.2d at 404.

The plain language of Rule 32(b)(1) persuades us to now reject the holding in *Bruffey* and, instead, to follow our interpretation in *Brown*. The word "and" joins conditions (A), (B), and (C) in Rule 32(b)(1). The use of the word "and" in a list indicates the conjunctive, meaning that all listed conditions must be satisfied. *See, e.g.*, *In re Z.H.*, 245 W. Va. 456, 469, 859 S.E.2d 399, 412 (2021) ("However, the statute uses the word

11

'and'—thus evidence establishing both subpart (A) and subpart (B) is required . . . .").[6] We now hold that the plain language of West Virginia Rule of Criminal Procedure 32(b)(1) requires that the sentencing court receive and consider a presentence report before sentencing unless all conditions in (A), (B), and (C) are met. To the extent that Syllabus point 3 of *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000), indicates otherwise, it is hereby overruled.[7]

Our holding today regarding the plain language of Rule 32(b)(1) comports with Rule 2's general guidance regarding the purpose of the Rules:

> These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.

---

[6] *See also Bowden v. Monroe Cnty. Comm'n*, 239 W. Va. 214, 221, 800 S.E.2d 252, 259 (2017) (interpreting a four-part test set forth by the Court and explaining that the word "and" signifies "that all elements are required"); *Jan-Care Ambulance Serv., Inc. v. Pub. Serv. Comm'n of W. Va.*, 206 W. Va. 183, 193 n.13, 522 S.E.2d 912, 922 n.13 (1999) ("Because of the use of the conjunctive 'and,' all of the services contained in Section 1206(b)(4)(C) of the 1973 Act are required of an emergency medical services system."); *Ooten v. Faerber*, 181 W. Va. 592, 597, 383 S.E.2d 774, 779 (1989) ("'And' is a conjunctive, and the use of 'and' here clearly makes both conditions necessary, not merely either of the two.").

By contrast, the use of the word "or" in a statute means that only one of the conditions needs to be met. *See State v. Wilkerson*, 230 W. Va. 366, 372, 738 S.E.2d 32, 38 (2013) ("The use of the word 'or' indicates an alternative choice."). The word "or" is not present in Rule 32(b)(1).

[7] Likewise, we overrule *State v. Criner*, No. 21-0793, 2022 WL 4355593 (W. Va. Sept. 20, 2022) (memorandum decision), to the extent it is inconsistent with our decision today.

A presentence investigation and its accompanying report provide a sentencing court with significant information regarding a defendant's history, characteristics, and circumstances. *See* W. Va. R. Crim. P. 32(b)(4) (establishing mandatory contents of a presentence report). Even when a defendant chooses to waive the preparation of that report, the sentencing court still needs adequate, accurate information to fairly sentence the defendant. *See Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597, 169 L.Ed.2d 445, 457 (2007) (discussing federal sentencing procedure and explaining that "[a]fter settling on the appropriate sentence, [a court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."). Conditions (B) and (C) of Rule 32(b)(1) ensure that a sentencing court has and uses information in the record to "meaningfully exercise its sentencing authority," even without a presentence investigation and report. While the Rule provides for the waiver of the presentence investigation and report by the defendant, the Rule does not provide for the defendant's waiver of conditions (B) and (C). The reasoning in *Bruffey*, which allows a sentencing court to simply ignore conditions (B) and (C) if the defendant waives the presentence investigation and report, is not in accordance with the reasoning and purpose of our Rules of Criminal Procedure.

Here, the sentencing court erred by sentencing Mr. McDonald without meeting all the conditions listed in Rule 32(b)(1). The parties agreed that no presentence investigation was conducted, and the sentencing court had no presentence report. Mr.

McDonald waived the completion of the presentence investigation and report at multiple points during the plea and sentencing hearings, satisfying condition (A). Still, his waiver did not satisfy the requirements set forth in (B) and (C) of Rule 32(b)(1), and the sentencing court failed to meet those conditions. The sentencing court made only a brief statement related to the imposition of Mr. McDonald's eighty-year sentence, concluding that it was "a very serious charge" that "deserves a stiff sentence." The sentencing court made no findings indicating "that the information in the record enable[d] it to meaningfully exercise its sentencing authority." *See* W. Va. R. Crim. P. 32(b)(1)(B) & (C)*.*

### *B. The Error was Plain.*

This Court recognizes two types of plain error: plain under existing law, and plain because the court has clarified the applicable law. *See* Syl. pt. 6, in part, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998). Under the first type of plain error, "the plainness of the error is predicated upon legal principles that the litigants and trial court knew or should have known at the time of the prosecution." *Id.* Here, because this Court previously provided conflicting interpretations regarding the relationship between the three conditions in subdivision (b)(1) of Rule 32, the sentencing court could not have known, nor should it have known, of the error. *Compare* Syl. pt. 3, *Bruffey*, 207 W. Va. 267, 531 S.E.2d 332, *with Brown*, 210 W. Va. at 28, 552 S.E.2d at 404.

The second type of plain error becomes "plain on appeal because the applicable law has been clarified." *See* Syl. pt. 6, in part, *Myers*, 204 W. Va. 449, 513

14

S.E.2d 676. As we have now clarified that Rule 32(b)(1) requires all three conditions to be met before a court may sentence a defendant without a presentence investigation and report, we find that the sentencing court committed the second type of plain error. The sentencing court had no presentence report and made no findings or explanation that would meet the requirements of Rule 32(b)(1)(B) and (C).

### C. The Error Affected Substantial Rights.

The plain error in this case affected Mr. McDonald's substantial rights. "To affect substantial rights means the error was prejudicial." Syl. pt. 9, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

"The imposition of sentence is a critical stage of a criminal proceeding." *State v. Byers*, 247 W. Va. 168, ___, 875 S.E.2d 306, 313 (2022). Typically, "the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations omitted). Consequently, the sentencing court must use accurate information when sentencing a defendant. *See Fox v. State*, 176 W. Va. 677, 682, 347 S.E.2d 197, 202 (1986) ("[A] defendant has a right to be sentenced on the basis of accurate information."). Furthermore, this Court must have accurate information in the record to conduct "meaningful appellate review." *State v. Houston*, 166 W. Va. 202, 207, 273 S.E.2d 375, 377 (1980) (remanding a

sentence for robbery by violence to permit a sentencing record to be developed). "Meaningful appellate review" of a sentence "must to a large degree be predicated on a sentencing record." *Id*. at 207, 273 S.E.2d at 377-78. *See State ex rel. Harless v. Bordenkircher*, 173 W. Va. 384, 386, 315 S.E.2d 643, 645 (1984) (explaining the importance of an adequate record for appellate review).

Here, we have an insufficient sentencing record and no findings and explanation pursuant to Rule 32(b)(1)(B) and (C) demonstrating whether the sentencing court "meaningfully exercise[d] its sentencing authority." With this slim record, we cannot gauge whether the sentencing court gave an appropriate sentence, based on accurate information, to Mr. McDonald. Mr. McDonald's objections filed with the sentencing court illustrate the lack of evaluation and scant record, as his objections contended that the one-page document "failed to provide any supporting data, evidence of convictions, . . . or any other meaningful information." At sentencing, the parties gave varying accounts of Mr. McDonald's criminal history: Mr. McDonald's counsel stating that he had an almost ten-year-old conviction from New York and pending Pennsylvania charges, while the State mentioned a "whirlwind of crime" all the way to Arkansas. The sentencing court did not attempt to resolve these issues before sentencing and made no findings as to the sufficiency

of the record.[8] Consequently, this Court cannot review Mr. McDonald's sentence to determine its proportionality, pursuant to his appeal, because there is no adequate record to review, and we must conclude that the error affected Mr. McDonald's substantial rights.

### D. The Error Affected the Fairness and Integrity of the Judicial Proceedings.

Finally, for the same reasons that we find that Mr. McDonald's substantial rights have been affected, we likewise determine that the error at sentencing also affected the fairness and integrity of the judicial proceedings. *See Myers*, 204 W. Va. at 463-64, 513 S.E.2d at 690-91. In this case, without "a developed factual record," we are unable to provide "a meaningful judicial review" of whether Mr. McDonald's sentence was proportionate. *See Houston*, 166 W. Va. at 207, 273 S.E.2d at 377-78. The sentencing court made no record of findings or explanation "that the information in the record enables [the sentencing court] to meaningfully exercise its sentencing authority." *See* W. Va. R. Crim. P. 32(b)(1)(B) & (C). The sparse factual findings and explanation by the sentencing court, and our resulting inability to review Mr. McDonald's sentence, affect the fairness and integrity of this critical stage of the judicial proceedings below.[9]

---

[8] Mr. McDonald filed a motion asking the circuit court to reconsider his sentence and mentioned the lack of a presentence investigation and report as an issue with his sentencing. The circuit court denied his motion.

[9] We draw no conclusions as to whether the sentencing court already has enough information in the record before it to "meaningfully exercise its sentencing authority." *See* W. Va. Rule Crim. P. 32(b)(1)(B) & (C).

**IV.**

**CONCLUSION**

For the reasons stated above, this Court vacates the September 24, 2021 order sentencing Mr. McDonald and remands this matter to the Circuit Court of Nicholas County for a new sentencing hearing, held consistent with the mandatory requirements of Rule 32, as set forth in this opinion.

Vacated and Remanded.

18